Fort Worth & Denver City Railway Company v. Martha A. Wilson et al.

No. 19.

1. **Parties in Action for Damages for Negligently Causing the Death of a Person.**—It is not an open question in this court, that when the evidence develops the fact that the deceased (for causing whose death damages are sought) had other relatives who under the statute can share in the damages recovered for his death, the proceedings must be arrested until the pleadings are so amended that the suit can be conducted for the use of all of the beneficiaries.

2. **Want of Parties — Limitation.** — In an action for damages for negligently causing the death of a person, it is no answer to an objection made for want of proper parties plaintiff, to reply that the claim of the unjoined beneficiaries is barred by the statute of limitations.

3. **Release by Unjoined Party Plaintiff.**—A release by a necessary party plaintiff who is not joined can not be established by ex parte affidavits produced in answer to a motion for new trial. Such proof should be made during the progress of the trial, under the rules governing the introduction of other evidence, and subject to cross-examination.

4. **Ex parte Affidavits Resisting Motion for New Trial.**—A party who undertakes to establish a fact by ex parte evidence, or to sustain a replication to a motion for a new trial by the introduction of new matter, must at his own peril make his case complete. The opposite party is under no obligations to make suggestions by interposing objections, but may remain passive until his adversary rests, and then rely upon any good objection to the case made against him.

5. **Effect of Release by Necessary Party Plaintiff.**—In an action by the widow and child of a man alleged to have been killed by the negligence of a railway company, it appearing that the parents were living, the jury found damages, apportioning them between the widow and child. It will not be assumed that the same amount of damages would have been given had the release of the parents been established before the verdict.

Error to Court of Civil Appeals for Second District.

This was an appeal from Tarrant County, in a case tried before Hon. R. E. Beckham. The judgment below was affirmed by the Court of Civil Appeals, and writ of error was granted.

The facts are fully given in the opinion of the court.

*Stanley, Spoonts & Meek*, for appellant.—1. Where suit is brought for injuries resulting in the death of a party, his surviving wife, children, and parents are all necessary parties; and where the pleadings fail to dis-

close the existence of the parents in a suit by the wife and child, and such fact of the parents' existence is made known to the court during the trial, it is error to proceed to judgment in the case without the parents being made parties.

2. The purported release being procured by the appellee, and being without consideration, was a nudum pactum and void, and in a suit by said parents against appellant, could not be made available as a defense.

3. The statute of limitation is a personal privilege, that can only be made available by defendant pleading it, and can not be set up for or on behalf of defendant by a third party; and the fact that the statutory period has run does not extinguish the demand, and there may exist grounds which would have prevented the statute from running against the claims of the parents of the deceased. If the claim of the parents was barred, and the defendant desired to avail itself of that defense, it was entitled to have the amount the parents were entitled to as a credit on the value of the life of the deceased. In other words, those who are entitled to sue under the statute can recover whatever benefit the deceased would have been to them had he lived; and if one entitled fails to sue, another one entitled is not thereby permitted to recover the entire damage resulting from the death. In this case the plaintiffs recovered the entire value of the life of the deceased.

4. The parents of the deceased being necessary parties, the error in failing to join them goes to the foundation of the action, and is fundamental in its character, and made it impossible to render a proper decree; and this error can not be cured by a release executed after judgment by those who were not joined. Railway v. Culberson, 68 Texas, 664; Wood on Lim., sec. 7; Rev. Stats., art. 3220; De Witt v. Miller, 9 Texas, 246; Goldfrank v. Young, 64 Texas, 432; Schmick v. Noel, 64 Texas, 406.

*W. B. Ford* and *Leake, Shepard & Miller*, for appellees.—While it may have been error to permit the cause to proceed to judgment after it appeared upon the trial that the father and mother of the deceased were living, even in the absence of a plea of misjoinder of parties, yet this error, if any, was cured by the matters set up in reply to the motion for new trial:

1. The claim of the parents was barred by the statute of limitation. Paschal v. Owen, 77 Texas, 583; Railway v. Henry, 75 Texas, 222.

2. The testimony showed that the father and mother were in good circumstances, and that the deceased contributed nothing towards their support.

3. After the trial, and before the motion for new trial was acted upon, the parents executed a release to the defendant of all claim for damages on their behalf, and the same was tendered into court and to the defendant before said motion was acted upon.

HENRY, Associate Justice.—Martha A. Wilson instituted this suit, for the benefit of herself and infant child, to recover damages for the death of her husband, James L. Wilson, which was alleged to have been caused by the negligence of the defendant railway company.

A judgment for $8000 was rendered, which was apportioned, $5000 to the widow, and $3000 to the child.

On the trial it was developed, that both of the parents of the deceased were living, and the defendant (plaintiff in error) moved for a new trial, on the ground that the suit should have been prosecuted for the benefit of the parents as well as for the widow and child of the deceased.

In answer to this motion, the plaintiffs (defendants in error) tendered to the defendant a release, executed by the parents, of all claim for damage that they might have by reason of the killing of their son; and upon the filing of this release, the court refused to grant the motion for a new trial.

The foregoing statement is copied from the findings of the Court of Civil Appeals.

From the record we find, that attached to the release is a certificate of a notary public that the persons whose names are signed to it appeared before him and acknowledged its execution; and also a certificate of a notary public that the same persons made an affidavit before him that they were the father and mother of the deceased.

It is not an open question in this court, that when the evidence develops the fact that the deceased had other relatives who, under the statute, can share in the damages recovered for his death, the proceedings must be arrested until the pleadings are so amended that the suit can be conducted for the use of all of the beneficiaries. Railway v. Culberson, 68 Texas, 667.

In the case of Railway v. Spiker, 59 Texas, 437, it was said by this court, that it is no answer to an objection made for the want of the necessary parties to reply, that the claim of the unjoined beneficiary is barred by the statutes of limitation.

Conceding, as was suggested in the case last referred to, that if it be shown that the unjoined beneficiary has settled his claim the judgment may stand, it still does not follow that such an important fact can be established by ex parte evidence, or by affidavits offered in opposition to a motion for a new trial.

Such proof should be made during the progress of the trial, under the rules governing the introduction of other evidence, and subject to the valuable privilege of cross-examination.

Notwithstanding a paper purporting to be a release by the parents of the deceased was filed, it would be worthless to the defendant in a suit hereafter brought by them, if they should prove that they never executed a release. The certificate of the notary public that they acknowledged

its execution was not proof of the fact.    It was accepted and acted upon without the offer of any other evidence of its genuineness.

We do not think that the rules governing the introduction of evidence during the progress of a trial can be so applied as to make the release effective because objection to its admissibility was not made when it was used.

When objections to evidence are not made during the progress of a trial they are treated as waived.    But a party who undertakes to establish a fact by ex parte evidence, or to sustain a replication to a motion for a new trial by the introduction of new matter, must at his own peril make his case complete.    The opposite party is then under no obligation to make suggestions by interposing objections, but may remain passive until his adversary rests, and then rely upon any good objection to the case made against him.

It is suggested, that notwithstanding the fact that the father and mother of the deceased were not joined in the suit, still the issue joined was such that the plaintiffs recovered only the amount of damage by themselves sustained.    It is by no means clear that such is the case.    It is a mere conjecture to conclude that when only a portion sue they will recover no more than they would have done if the claims of others had at the same time been considered.    We think that the probabilities are decidedly the other way.    If at the trial a release is shown, the jury may still very properly consider what, if anything, would have been the proper amount of recovery by the parties making the release, as well as the effect that that should have upon the amount of the judgment in favor of those who recover.    Such releases, when properly pleaded and proved, should not be treated as a mere formality, brought into the case for no other purpose than to remove a technical impediment to a recovery by the plaintiff. They should be given the same effect, as to the fact and amount of recovery by those for whom the suit is prosecuted, that would have resulted from an active participation in the suit by the releasors, as near as may be.

We find no other errors in the proceedings, and approve of the conclusions of law of the Court of Civil Appeals upon all other questions.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 25, 1893.