SAN ANTONIO PORTLAND CEMENT CO.
v. GSCHWENDER.   (No. 5774.)

(Court of Civil Appeals of Texas. San Antonio.
Jan. 31, 1917.)

1. MASTER AND SERVANT 258(18)—ACTION
FOR DEATH — PLEADING — NEGLIGENCE OF
VICE PRINCIPAL.

In action for damages for electrocution of
plaintiff's deceased upon turning an electric
switch as commanded by his foreman, negli-
gence of the vice principal in ordering deceased
to throw the switch *held* sufficiently pleaded.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 833; Dec. Dig.
258(18).]

2. APPEAL AND ERROR 843(1)—REVIEW.

Where a case is reversed and remanded on
other grounds, assignments of error attacking
the sufficiency of evidence to sustain the judg-
ment should not be discussed by the appellate
court, in view of another trial.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3331–3335, 3337–3341;
Dec. Dig. 843(1).]

3. DEATH 41 — ACTION — NECESSARY PAR-
TIES.

Rev. St. art. 4698, provides that in action for
death damages shall be for the sole and exclu-
sive benefit of the surviving husband, wife, chil-
dren, and parents of the deceased person. Ar-
ticle 4699 provides that the action may be
brought by all of the parties entitled thereto,
or by any one or more for the benefit of all.
*Held*, in such action by a surviving wife, where
there was no allegation that the suit was in-
stituted for the parents of deceased as well as
for the widow, and it appeared on the trial
that the parents were living, it was error to re-
fuse postponement of the trial that they might
be made parties; failure to have all the statu-
tory parties joined going to the very foundation
of the action.

[Ed. Note.—For other cases, see Death, Cent.
Dig. §§ 56, 57, 59; Dec. Dig. 41.]

4. DEATH 41 — ACTION — NECESSARY PAR-
TIES.

In such case, knowledge by defendant before
trial of existence of surviving parents of de-
ceased does not relieve plaintiff from the duty to
have them joined as parties.

[Ed. Note.—For other cases, see Death, Cent.
Dig. §§ 56, 57, 59; Dec. Dig. 41.]

5. DEATH 1—PRESUMPTION—CONTINUANCE
OF LIFE.

Evidence in death action that parents of de-
ceased were living in 1913 did not show that
they were living in 1915.

[Ed. Note.—For other cases, see Death, Cent.
Dig. §§ 1–3; Dec. Dig. 1.]

Error from District Court, Bexar County;
R. B. Minor, Judge.

Action by Mrs. G. A. Gschwender against
the San Antonio Portland Cement Com-
pany. Judgment for plaintiff, and defendant
brings error. Reversed and remanded.

Arnold, Cozby & Peyton and Hertzberg,
Barrett & Kercheville, all of San Antonio,
for plaintiff in error. Ben H. Kelly and
Chambers & Watson, all of San Antonio,
for defendant in error.

FLY, C. J. This is a suit by the defendant
in error, as the surviving wife of G. A.
Gschwender, to recover damages for his
death, which it was alleged occurred while de-
ceased, in the discharge of his duty as an
employé of plaintiff in error, was turning a
switch as commanded by his foreman. The
trial was without a jury and resulted in a
judgment for defendant in error in the sum
of $7,000.

[1] The first and second assignments of er-
ror are overruled. They assail the action
of the court in basing the judgment on a find-
ing that the vice principal was negligent in
ordering deceased to throw the switch; be-
cause there was no pleading upon which to
base the finding. The following quotations
from the petition fully answer the assign-
ments of error:

"Plaintiff alleges: That on or about March
23, 1915, while engaged in the performance of
his duties as assistant electrician for the de-
fendant, the San Antonio Portland Cement Com-
pany, and without fault on his part, the said
G. A. Gschwender received an electric shock
from which he then and there died the same
date. That said G. A. Gschwender was an in-
experienced hand, as defendant, the San Antonio
Portland Cement Company, well knew, knowing
little or nothing about the handling or effects
of electricity, but that, notwithstanding this
fact, said defendant through its chief electrician
requested and directed the said G. A. Gschwen-
der to turn on a certain switch in its plant
where it used and handled electricity in its busi-
ness, and the said G. A. Gschwender, acting
under the said order and directions of his su-
perior as was his duty to do, and being unaware
of any danger by reason of ignorance or inex-
perience which said defendant well knew, and
from the further fact that to all appearances
there appeared no danger therein, he took hold
of some switch or lever or other instrument un-
known to plaintiff and received the electric
shock that caused and produced instant death.
That, just before the death of said Gschwender,
the defendant, San Antonio Portland Cement
Company, was repairing some of its machinery,
preparatory to using an electric motor connect-
ed with and controlled by a switch through
wires on which electricity was transmitted, and
that said Gschwender was directed and instruct-
ed by said defendant to pull or turn on a cer-
tain switch that said motor might be tested out
and that it was his duty to do so, and, as he
undertook to do so, he in some manner unknown
to plaintiff came in contact with a live wire,
charged with electricity of sufficient strength
and voltage, which then and there caused his
death without fault on his part."

The allegations of the order being given are
plain and clear. In the sixth paragraph of
the petition, referring to the different acts
of negligence set out in the two paragraphs
immediately preceding, it was alleged:

"That the above acts, omissions, and derelic-
tions of said defendant as set out in the last
two preceding paragraphs were the proximate
cause of the death of deceased," etc.

In the paragraph immediately preceding
it is alleged that the order was given and
obeyed by deceased.

[2] The third, fourth, fifth, and sixth
assignments of error attack the sufficiency
of the evidence to sustain the judgment, and
in view of another trial should not be dis-
cussed by this court.

[3] The seventh and eighth assignments

of error assail the action of the court in refusing an application of the plaintiff in error to postpone the trial until other necessary parties to the suit should be brought in as parties. Article 4698, Revised Statutes, provides that the action for damages for the death of a person "shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been caused, and the amount recovered therein shall not be liable for the debts of the deceased." Article 4699 provides:

"The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all."

In this case there was no allegation that the suit was instituted for the benefit of the parents of deceased as well as for the widow, but it was for the sole benefit of the widow. Railway v. Pennington, 166 S. W. 464. The failure to have all the statutory parties joined goes to the very foundation of the action. Railway v. Culberson, 68 Tex. 664, 5 S. W. 820.

[4, 5] It appears from a bill of exceptions taken by plaintiff in error that, after defendant in error had closed her case, plaintiff in error placed her on the stand and ascertained that the father and mother of the deceased were living at that time in Rayland, Ohio, and that plaintiff in error sought a postponement of the trial, in order that they might be made parties. The postponement was refused. The bill of exceptions was allowed, but appended thereto is what is denominated a qualification, in which it is stated that the attorneys for plaintiff in error knew on June 14, 1915, that defendant in error had sworn that she was married in March, 1913, and that the father and mother of deceased at that time lived in Martin's Ferry, Ohio. It would seem that the motion to postpone was overruled on the ground that plaintiff in error knew that the parties had not been made parties and that they were living in 1913. Of course, that was no ground for refusing the motion. The parents were necessary parties, and the fact that the plaintiff in error may have known of their existence before the trial did not lift the burden from the defendant in error to have all necessary, statutory parties before the court. However, the testimony of defendant in error in June, 1915, did not show that the parents were then living, but that they were living in 1913. Railway v. Howell, 105 S. W. 560. Defendant in error, as disclosed by the record, on cross-examination swore: "Mr. Gschwender's father and mother are living in Rayland, Ohio." It has been held many times that the defendant in a death case has the right to have all interested parties included, and that, if it should be shown on a trial that parties have not been included in the petition, the defendant should be accorded a postponement of the trial until all the parties could be joined in the suit. Railway v. Howell and Railway v. Pennington, herein cited; Railway v. Mertink, 101 Tex. 165, 105 S. W. 485. As said in Railway v. Wilson, 85 Tex. 516, 22 S. W. 578:

"It is not an open question in this court that, when the evidence develops the fact that the deceased * * * had other relatives who under the statute can share in the damages recovered for his death, the proceedings must be arrested until the pleadings are so amended that the suit can be conducted for the use of all of the beneficiaries."

If the trial had been suspended for a short time, no doubt the parents could have been reached by telegraph, and their consent to be joined as plaintiffs obtained, and probably thereby another trial avoided.

For the reason that the parents of deceased were not made parties, the judgment is reversed, and the cause remanded.