Gaines, Associate Justice.
On a former day of the term, appellee submitted a motion to strike out the statement of facts as it appears in the transcript. The ground of this motion is, that the statement is not prepared in accordance with the rules, but consists wholly of the questions to and answers of the witnesses upon the trial, exactly as they were uttered and as they were written out by the stenographer after being taken down in short hand. The motion was taken under advisement, to be disposed of with the case when submitted. We are now required to pass upon it.
The statement of facts is not in conformity to the rules (see Rules District Court, rule 71, et seq.); and we find no sufficient excuse for this departure. The time after receiving the stenographer’s notes, though short, was sufficient to have written out a proper statement in narrative form. This practice of copying questions and answers in a statement of facts has been condemned by this court in more than one case (Wynne v. Logan, 3 Texas Law Rev., 387; Driess v. Friedrich, 57 Texas, 70; Hawkins v. Lee, 22 Texas, 544); but in no case has the court gone so far as to strike out the statement, or to refuse to consider it. The rule is made for the convenience of the court and to secure the dispatch of business. According to our view of this case, no extended examination of the statement of facts is necessary for its disposition; so that we shall content ourselves with adjudging the costs of this motion and of the statement of facts against appellant, to be paid by him, notwithstanding the reversal of the case upon the appeal.
*668 This suit was brought by appellee, on behalf of herself and her two minor children, to recover of appellants damages for the death of her husband, alleged to have been caused by the negligence of the company’s agents and servants. Upon the trial,. Mrs. C. Y. Culberson was introduced as a witness for appellees, who testified that she was the mother of the deceased. Appelleeshaving obtained a verdict recovering damages and apportioning them between herself and her two children, appellant moved in-arrest of judgment and also for a new trial, on the ground that the mother of the deceased was a necessary party to the suit. There were other grounds of the motion for a new trial, but they need not be considered. Both motions were overruled and appellant excepted, and among other rulings assigns this as error.
The statute under which the suit is brought contains the following provisions: “That the action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death has been so caused,” etc. (Rev. Stat., art. 2903.) “The action may be brought by all the parties entitled thereto, or by any one or more of them.” (Id., art. 2904.) “ The jury may give such damages as they think proportioned to the injury resulting from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be-alive, in such shares as the jury shall find by their verdict.” (Id.,, art. 2909.) It is evident from the first article quoted that the parent is as much entitled to the action, and a share of the damages, as either the wife or children; and it is quite as evident from the other two articles that the suit must be by all the beneficiaries of the recovery, or for the benefit of all. Article 2904 says it may be so brought, and article 2909 evidently contemplates that it must be so brought, so that the damages may be apportioned among all by the one verdict. Such is the ruling of this court in Railway Company v. Moore, 49 Texas, 31. (See also G. H. & H. R. R. Co. v. LeGierse, 51 Texas, 189.) The court, there decide clearly that successive suits by the parties entitled can not be. brought. Here then we have a case in which four persons are jointly entitled to damages to be recovered (to be divided and apportioned among them, however, by the verdict of the jury); and in which one brings the .action for the benefit-of herself and two others, and recovers damages which are divided by the verdict among the three only. We think such a ver-. diet can not stand. The error, in our opinion, goes to the founds *669 tion of the action. When the evidence developed the fact that the deceased had a mother, the proceedings should have been arrested until she was made a party, or the petition so amended that the suit would proceed for her use as well as that of the other beneficiaries. We think it would have been proper for the court to have permitted the plaintiff to withdraw her announcement for the purpose of making this amendment. It is analogous to the case of a partition, in which it is held that if the proof makes it manifest during the progress of the trial that one of the co-tenants or part owners is not before the court, it is the duty of the court to suspend the trial and require such co-tenant or part owner to be made a party. (Ship Channel Co. v. Bruly, 45 Texas, 6.) This results from the impossibility of making a proper decree in such a case until all the parties at interest are before the court. It is quite as impossible in a suit for damages under the statute from which we have quoted, to render a proper and legal judgment, without the rights of each of them being set up in a petition either by all or by one or more for the benefit of all. (G. H. & H. R. R. Co. v. LeGierse, 51 Texas, 189.)
Opinion delivered October 28, 1887.
The other errors assigned are upon the failure of the court to charge the jury in express terms to find for defendant in any state of the case, and the overruling of the motion for new trial ■on account of alleged insufficiency of evidence. As the case will be tried again, we do not deem proper to discuss the evidence in this opinion. The question presented in the charge will not . likely arise upon another trial, and need not be considered.
For the error of the court in proceeding to verdict and judgment until the mother of the deceased was made at least a beneficial party to the suit, the judgment is reversed and the cause remanded.

Reversed and remanded.