San Antonio & Aransas Pass Railway Company v. George Mertink.

No. 1750.   Decided December 4, 1907.

**Death—Action—Parties.**

Suit for injuries resulting in death must be brought by or on behalf of all the parties for whose benefit the action is given by the statute. A recovery in favor of a surviving husband and daughter of deceased cannot be sustained where the evidence showed the existence of three other daughters of deceased, not disclosed by plaintiff's pleadings.   (P. 166.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Lee County.

Mertink sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*John T. Duncan* and *W. L Eason,* for plaintiff in error.

*Wm. O. Bowers,* for appellees.—Mrs. Mertink's children are all shown to be grown and they were not shown to have had any pecuniary interest in her life, and were therefore not necessary parties. And besides appellant could have made them parties if it had so desired.

Mr. Justice Brown delivered the opinion of the court.

George Mertink owned a farm in Lee County through which the railroad of the plaintiff in error ran. He lived on the land with his wife, his daughter and her husband, Mr. Proske. The residence was on the east side of the railroad and the right of way through the farm was fenced, with one opening through which ran a road from the residence to a portion of the farm on the west side of the railroad. At this opening there was constructed a crossing for the convenience of the occupants of the residence and those who cultivated the farm. On the day of the accident, Mertink, his wife and his son-in-law, Proske, were digging potatoes on the farm on the west side of the railroad. Mrs. Mertink started to go to the house for the purpose of preparing supper and when on the track at the crossing a train going north struck and killed her. It is unnecessary

to detail the facts because the Court of Civil Appeals found that the railroad company was guilty of negligence which caused the death, and that Mrs. Mertink was not guilty of contributory negligence. The evidence was sufficient to support this finding of the trial court and the Court of Civil Appeals, therefore, the question which the plaintiff in error makes upon the facts of the case needs no further consideration.

Plaintiff and his wife had four daughters, Mrs. Proske, two daughters living in Walburg, and one in Serfen. The three were not joined in the suit. The jury returned a verdict for $1000.00; $880 for Mertink and $120 for Mrs. Proske. The suit was not prosecuted for the benefit of the other three children; their names are not mentioned in the pleading, and were first disclosed by the evidence upon the trial of the case. The railroad company made a motion for a new trial, assigning as the first ground of error that the evidence disclosed the fact that three children of the deceased were not parties to this suit. The motion for new trial was overruled. The same error was assigned in the Court of Civil Appeals and presented in the motion for rehearing in that court. The fact that the three children were not made parties to the suit was assigned as error in the application for writ of error and this court granted the writ upon that ground.

For the death of Mrs Mertink her surviving husband and four daughters had a right of action against the railroad company, if the death was caused by the negligence of the employes of the company. The statute gives the right of action to all of the parties to recover one sum; that is, the damages which resulted from the death of the mother, and authorizes the jury to apportion it among the parties according to their several rights; but under the statute there can be but one action. Houston & T. C. Ry. Co. v. Moore, 49 Texas, 31; Galveston, H. & S. A. Ry. Co. v. LeGierse, 51 Texas, 189; East Line & R. R. Ry. Co. v. Culberson, 68 Texas, 664.

In the Culberson case this court said in referring to Railway Co. v. Moore: "The court there decided clearly that successive suits by the parties entitled can not be brought. Here then we have a case in which four persons are jointly entitled to damages to be recovered (to be divided and apportioned among them, however, by the verdict of the jury); and in which one brings the action for the benefit of herself and two others, and recovers damages which are divided by the verdict among the three only. We think such a verdict can not stand. The error, in our opinion, goes to the foundation of the action. When the evidence developed the fact that the deceased had a mother, the proceedings should have been arrested until she was made a party, or the petition so amended that the suit would proceed for her use as well as that of the other beneficiaries." This case is on all-fours with the Culberson case, differing only in the number of beneficiaries. Five parties were entitled to sue, but two alone brought suit for themselves and recovered the damages without any notice being taken of the other three. The judgment rests upon a palpable error and must be reversed. To sustain the judgment we must hold that the three not joined are

bound by the judgment or that railroad company is liable to another recovery by them.    Either conclusion would be without support in the law and repugnant to our sense of justice.    It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.