INTERNATIONAL–GREAT NORTHERN R. CO. v. McGINTY.  (No. 8971.)

Court of Civil Appeals of Texas. Galveston.
March 17, 1927.

Rehearing Denied April 18, 1927.

On Motion for Rehearing.

1. Railroads ⬅➡443(7)—Evidence held to show negligence in operating locomotive.

In suit for death of mule alleged to have been killed by train, evidence *held* to show that operatives of locomotive were guilty of negligence, which proximately caused the death of the mule.

2. Evidence ⬅➡75—Unfavorable inference is authorized, where party possesses evidence which will refute other party's claim but does not offer it.

When plaintiff has produced evidence sufficient to raise an issue as to the truth of his claim, and defendant possesses evidence which will show whether the legitimate inferences from plaintiff's evidence are true and does not offer it, the withholding of the evidence raises an inference that such evidence would confirm plaintiff's evidence.

Appeal from Grimes County Court; Ralph W. Barry, Judge.

Suit by J. M. McGinty against the International-Great Northern Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and A. H. Spann, of Navasota, for appellant.
J. B. Leigh, of Navasota, for appellee.

PER CURIAM.  Judgment affirmed.

On Motion for Rehearing.

LANE, J. J. M. McGinty brought this suit against the International-Great Northern Railroad Company to recover the value of one

─────────────

of his mules, alleged to have been killed by one of the trains of the railroad company by reason of the negligence of the operatives of the locomotive pulling the train.

Upon trial, judgment was rendered for the plaintiff; and upon appeal, we affirmed such judgment without written opinion.

Counsel for appellant has filed a motion for rehearing and a very urgent request for a written opinion.

The motion for rehearing is refused, but, in view of the peculiar reasons assigned for requesting a written opinion, we have concluded to present our reasons for affirming the judgment of the trial court.

[1] Appellant's contention for a reversal of the judgment is that there was no evidence to show, or tend to show, that the operatives of the locomotive which struck plaintiff's mule were guilty of any act of negligence, but, if such negligence was shown, it was not shown that such acts of negligence were the proximate cause of the injury to said mule.

We overrule the contention. J. M. McGinty, the plaintiff, testified that he was in Navasota at the time his mule was injured; that he, found his mule the next morning with its leg and hip joint broken; that he saw tracks and signs of a scuffle on the railroad track; that the mule died a week after it was injured; that the track approaching the crossing where the mule was struck is straight for some distance, and that one on the locomotive in approaching the crossing from both directions had an open view of said crossing; that in approaching from the south they had a view thereof for a distance of 500 or 600 yards, and from the north for a distance of about 300 yards.

On cross-examination, the witness testified that he did not see the mule struck by the train, but that he saw blood and hair on the track, that he traced the blood and hair from where the mule was struck to where he found it.

Solomon Gray testified as follows:

"My name is Solomon Gray. I live on J. M. McGinty's place. I lived there in 1923. I remember in 1923 when his mule was struck on I. G. N. crossing. That night I was going to Navasota. I was beside the railroad right of way going to Navasota when a freight train passed me. It was going pretty fast, about as fast as a freight train could run. I saw it before it got to the crossing. Train did not ring bell. I was about 200 yards from crossing when train passed me. About 100 feet from crossing it blew whistle twice. Train did not slow down. I went on to the crossing. I found mule there with leg broken. It was cut. It was Mr. McGinty's mule, dark bay in color.

I did do nothing. Sam McGinty was with me. I saw the mule the next morning. I did not see train hit mule. The mule's leg was broken and bleeding."

On cross-examination:

"I was riding in, going to Navasota. I got back that night. The mule was right at the crossing. The mule was in the pasture the next morning. When the train blew, I did not see the mule. I did not see the train strike the mule; the whistle sounded like it was blowing for something. He blew like he was blowing for something about 100 feet from crossing."

The evidence of the two witnesses mentioned is amply sufficient to support a finding that the mule was struck by the locomotive; that the operatives by keeping a proper lookout could have seen the mule if at the crossing for several hundred yards before reaching it; that the bell did not ring at all, and the whistle did not sound until within 100 feet of the crossing.

It is apparent that the employees of appellant, the operatives of the locomotive which struck the mule, were in a position to know at what distance they were from the crossing when they first saw the mule, and as to whether they could or not avoid the collision by the reasonable use of the means at their command. It would appear that these facts were know to appellant and those in its employ and were unknown to appellee; these witnesses were not produced nor their absence accounted for.

[2] "When a plaintiff has produced evidence sufficient to raise an issue as to the truth of his claim, and it appears from the nature of the case and the circumstances disclosed by the evidence that defendant is in possession of evidence which will show whether or not the inferences which can legitimately be drawn from plaintiff's evidence are true, and does not offer it, it is a fair and legitimate inference that the evidence so withheld by the defendant would, if produced, confirm the inferences arising from plaintiff's evidence. In such a case, the failure of defendant to produce the evidence can properly be considered in determining the issues raised by plaintiff's evidence, and for this purpose it may be said to have affirmative probative force." Texas Co. v. Clarke (Tex. Civ. App.) 182 S. W. 353; Lottman v. Cuilla (Tex. Civ. App.) 279 S. W. 522.

Having reached the conclusion that there was evidence sufficient to support the judgment, the same was affirmed.

Overruled.