## TEXAS EMPLOYERS' INS. ASS'N v. GALLOWAY.

### No. 7599.

Court of Civil Appeals of Texas. Austin.

May 13, 1931.

Rehearing Denied June 3, 1931.

974

Morris, Sewell, Taylor & Morris, of Houston, for appellant.

Polk, Allen & Helm, of Houston, for appellee.

BLAIR, J.

This suit arose under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309) as an appeal by appellant from an order of the Industrial Accident Board awarding appellee compensation for an injury received in the course of his employment. In substance, appellee alleged and proved that he was injured on May 3, 1928, in the course of his employment with the Houston Wood Preserving Company while trimming poles with an adz, which slipped and cut him on the right leg below the knee, severing the tissues, tendons, nerves, ligaments, blood vessels, and muscles, causing a paralysis of the leg and extending up into his right hip, body, spine, neck, and head, causing excruciating headaches and intense nervousness, and causing his whole right side to become numb and cold and paralyzed, and thereby affecting his whole body, rendering him wholly and permanently incapacitated from performing labor. By specific answers, appellant alleged as follows:

(1) That if appellee was injured, the injury was of a temporary nature and from which he had entirely recovered prior to the trial of this case.

(2) That if appellee was injured and is now suffering any disability therefrom, such disability is limited to his right leg below the knee.

(3) That if such disability is not limited to appellee's right leg below the knee, that same is confined to his right leg below the knee and at and above the knee.

(4) That if appellee has lost the use of his leg, such loss was due to his failure and refusal to use and exercise his leg and body.

(5) That if appellee is now disabled, he has engaged in injurious practices which have prevented or retarded his recovery.

The jury was instructed to answer each special issue submitted "from the preponderance of the evidence, that is, the greater degree and weight of credible testimony before you." The court correctly defined the terms permanent incapacity, temporary incapacity, total incapacity, partial incapacity, and injury, as used in the charge to the jury, and submitted, and the jury answered under direction of the court, the following issues:

"1. Did or did not the injury which the defendant, W. H. Galloway received on May 23rd, 1928, result in permanent incapacity or temporary incapacity as those terms have been hereinbefore defined to you. Answer 'permanent' or 'temporary', as you find the facts to be." Answer: "Permanent."

"2. If you have answered the foregoing special issue No. 1 'permanent incapacity', and only in that event, then answer: Do you find such incapacity resulting from defendant's injury, to be total or partial. Answer 'total' or 'partial' as you find the facts to be." Answer: "Total."

"If you have answered special issue No. 1 'permanent' and special issue No. 2 'total' then you need not answer any further issues submitted to you except special issues Nos. 2a & No. 8."

"2a. If you have answered special issue No. 1, 'permanent' and special issue No. 2 'total', then answer:

"Would manifest hardship and injustice result to the defendant, W. H. Galloway if compensation, if any, be paid to him otherwise than in a lump sum. Answer 'it will,' or 'it will not' as you find the facts to be." Answer: "It will."

"8. What was the defendant's average weekly wages during his employment with the Houston Wood Preserving Company?.

"If you find the defendant did not work in such employment during substantially the whole year next preceding May 23rd, 1928,

then his average annual wage would consist of 300 times the average daily wage of employees of the same class and in the same class of work, working substantially the whole year immediately preceding May 23rd, 1928, in the same or similar employment in the same or a neighboring place, would have earned in such employment during the days so employed and the average weekly wages of such employee would be one-fifty-second part of such average annual wages. Answer by stating in dollars and cents." Answer: "$32.50."

Contrary to the instruction to answer only the above issues, the jury also answered issue 9, which with jury's answer reads as follows: "Was or is the disability of defendant, if any, confined entirely to his right leg? Answer 'it is' or 'it is not' as you find the facts to be." Answer: "No."

Appellant had paid appellee weekly payments aggregating $201.11, and, upon the preceding findings of the jury, the court rendered a lump sum judgment for appellee for $6,823.82, divided as follows: $4549.22 to appellee, and one-third, $2274.60, to appellee's attorneys of record.

■ Appellant complains that the court erred in refusing to submit its requested special issue and defense that appellee had entirely recovered from his alleged injury prior to the trial of the case. The effect of appellant's pleading and proof in this regard was that appellee only received an injury resulting in temporary incapacity and from which he had recovered prior to the trial of the case. The issue of temporary incapacity was submitted in issue 1, and it was therefore not necessary to submit the issue again in the form requested. Burns v. American Nat. Ins. Co. (Tex. Com. App.) 280 S. W. 762.

■ Appellant contends that the court erred in refusing to submit its special requested issue and defense that, if appellee was injured and is now suffering any disability as the result of the injury, such disability is limited to his right leg below the knee, and for which specific injury the statutes only authorize compensation for 150 weeks, even though the injury be permanent. In support of this special defense, appellant offered testimony tending to limit the effect of appellee's injury to his leg below the knee; and that if the injury were permanent, it only partially incapacitated appellee. The statute relied upon by appellant is article 8306, § 12, which enumerates specific injuries and specifies the weekly compensation allowed for each; and which is only applicable to "enumerated cases of permanent, partial incapacity." Appellee plead and offered testimony tending to show that the effect of the injury to his leg extended to and affected his whole body and nervous system, rendering him totally and permanently incapacitated. So that since the questions of whether the effect of appellee's injury was limited to his leg below the knee, causing permanent partial incapacity, or whether the effect of the injury to his leg extended to and affected his whole body and nervous system, rendering him totally and permanently disabled, were determinable from conflicting evidence, these issues were for the jury. And since there was neither a jury finding that the injury to appellee's leg extended to and affected his whole body, rendering him permanently and totally incapacitated, nor a finding that his injury was confined to his leg below the knee, resulting in permanent partial incapacity, the court was not authorized to assume permanent and total disability affecting the whole body and allow compensation for 401 weeks. Texas Employers' Ins. Ass'n v. Varner (Tex. Civ. App.) 20 S.W.(2d) 334; Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364. It is true that the jury impliedly found, in answer to issue 2, that appellee's injury did not result in partial incapacity, and that a finding that his injury was confined to his leg below the knee might be in conflict with such finding and with the finding of total disability, still the latter issue was pleaded as a special defense to appellee's right of recovery for an injury resulting in total and permanent disability, and it is definitely settled law that a defendant is entitled to have each separate and independent defense to a cause of action or a part thereof pleaded and supported by evidence affirmatively submitted to the jury, even though the jury's answers might be conflicting. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Article 2190, R. S. 1925.

■■ This holding is also applicable to appellant's contention that the court erred in refusing to submit its requested issue and special defense that if appellee was suffering any disability, such disability was confined to his right leg below the knee and at and above the knee. We do not pass upon the effect of the jury's answering, contrary to the court's instruction, issue No. 9, to the effect that appellee's injury was not confined to his entire right leg. In view of another trial, this issue should be affirmatively submitted and not in the alternative. If the injury was confined to the entire right leg, rendering appellee partially incapacitated, he would be entitled to only 200 weeks compensation under the terms of the statute, supra, although the injury be permanent.

■ Appellant complains that the court erred in refusing to submit its requested issue and special defense that if appellee was injured and disabled as alleged, such disabil-

ity was due to his failure and refusal to exercise and use his leg and body. Appellant predicates this defense upon that portion of article 8307, § 4, which reads as follows: "If any employee shall persist in unsanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, the board may in its discretion order or direct the association to reduce or suspend the compensation of any such injured employee. No compensation shall be reduced or suspended under the terms of this section without reasonable notice to the employee and an opportunity to be heard."

Appellant contends that since its doctor witnesses testified that a failure of appellee to exercise his leg might probably cause the loss of its use, a question was raised for the jury to determine whether appellee did "willfully fail and refuse to exercise and use his leg, and if he did so refuse, he was not entitled to recover under the terms of Art. 8307, Sec. 4," supra. This contention cannot be sustained, because in no event would appellee be deprived of a recovery of compensation under this statute, since the only remedy given is that upon proper notice the Industrial Accident Board may "reduce or suspend the compensation" until the employee refrains from "unsanitary or injurious practices which tend to either imperil or retard his recovery." It is also clear that this provision is merely a part of the statute authorizing the insurance company to have an injured employee examined by doctors at all reasonable times, and before the insurer would be entitled to complain that an employee was engaged in unsanitary or injurious practices which tend to either imperil or retard recovery of his injury, it would have to allege a request to, and a refusal by, the employee to refrain from such injurious practices. Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112. This construction of the statute is clearly correct in view of the other compensation statutes which provide that in no instance shall the insurance company avail itself of the defense of the contributory negligence of the employee.

The requested issue and defense that, if appellee is now disabled, he has engaged in injurious practices which have prevented or retarded his recovery was correctly refused for the reasons stated last above, and for the further reasons that the term "injurious practices" is indefinite, a conclusion of the pleader, and involves a question of law with which the jury is not concerned.

▌ Appellant complains that the court erred in refusing to give its requested charge that the burden of proof was upon appellee to establish the extent and duration of his incapacity. This contention is predicated upon the provision of article 8307, § 5, that, if either party shall appeal from an award or denial of an award by the board, the trial shall be "de novo and the burden of proof shall be upon the party claiming compensation." The purpose of this statute was merely to place the burden upon a claimant of insurance as a matter of law, and as a direction to courts in passing upon compensation cases; that is, the court trying a compensation case on appeal from the board shall first determine as a matter of law if claimant has made a prima facie case for compensation. If so, and if the case is submitted to the jury on special issues, no necessity exists to charge the jury as to the burden of proof; but the jury need only be instructed to answer the issues of fact submitted them from a preponderance of the evidence; that is, the greater degree and weight of the credible testimony before them; and which instruction the court gave in this case. Stooksbury v. Swan, 85 Tex. 566, 22 S. W. 963; Bernard's Inc., v. Austin (Tex. Civ. App.) 300 S. W. 256, 260; Davis v. Morrison (Tex. Civ. App.) 14 S.W.(2d) 296, 299; Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869, 870; St. Louis Southwestern Ry. Co. v. Preston (Tex. Com. App.) 228 S. W. 928; Gulf, C. & S. F. Ry. Co. v. Bush & Witherspoon Co. (Tex. Civ. App.) 136 S. W. 102, 103; Sunlite Co. Manufacturers v. Justice (Tex. Civ. App.) 257 S. W. 579; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 688.

In view of another trial, we suggest that the special issue requested by appellant with respect to the average weekly wage of appellee be submitted in lieu of the one given by the court on this trial, as the requested issue more nearly complies with the pleadings and proof in the case.

For the reasons stated herein we reverse and remand the cause for another trial.