## AMERICAN ASPHALT CO. v. O'REAR.

### No. 2553.

Court of Civil Appeals of Texas. El Paso.

July 9, 1931.

323

See also (Civ. App.) 36 S.W.(2d) 779.

Leachman, Gardere & Bailey, of Dallas, for appellant.

J. B. Cotten, of Crane, Gary & Davenport, of Wink, and Thomas & Coffee, of Big Spring, for appellee.

PELPHREY, C. J.

This suit was filed by appellee against appellant in the district court of Winkler county to recover damages for injuries to himself, and on account of the death of his wife.

Appellee alleged that during the month of September, 1929, appellant was engaged in the construction of a road between Monahans and Kermit, Tex.; that on the night of September 13, 1928, while he and his wife were riding in a Ford roadster automobile on said road going in the direction of Kermit, they suddenly came upon a barricade across said road, with no lights thereon; that the driver of the car was unable to stop the car because of loose gravel placed on the roadway by appellant, and that in attempting to stop the car it went off the road and into the borrow pit, turned over, and in so doing injured him and his wife; that as a result of such injuries he was totally and permanently disabled, and his wife later died.

The grounds of negligence upon which he sought to recover, were: 1. A failure to place signs on the highway, including red lights at nighttime, of sufficient size and brightness to warn travelers upon the highway coming from the south of the condition of the road; (2) failing to keep a watchman at all hours of the nighttime to maintain proper lights and signs, and to direct travelers coming from the south; (3) failing to maintain and provide a suitable byroad or detour for the traffic; (4) failing to work down the steep incline of the roadbed, so that traffic could go off the roadbed and into the borrow pit safely; and (5) failing to maintain the roadbed in front of the barricade in such condition that cars with good brakes could stop before colliding with the obstructions placed thereon by appellant.

Appellant answered by general demurrer, certain special exceptions, a general denial, and a plea of contributory negligence. In response to special issues, the jury found: (1) That appellee sustained personal injuries in the accident; (2) that appellant did not fail to maintain warning signs south of the barricade which could, by the use of ordinary care, be seen and observed; (3) that appellant did not fail to maintain a sufficient light on the barricade; (4) that appellant failed to provide a detour or byroad with a safe descent from the roadbed thereto; (5) that such failure was negligence and the proximate cause of the damages sustained by appellee; (6) that loose rock and gravel were spread over the roadbed for a distance of twenty to thirty feet from the barricade; (7) that the maintaining of such rock and gravel by appellant was negligence and the proximate cause of the damages sustained by appellee; (8) that the accident was not unavoidable; (9) that appellee kept a proper lookout for his safety at the time and on the occasion in question; (10) that the automobile was traveling at a speed of from 25 to 28 miles per hour immediately prior to the accident; (11) that such speed was not negligence and was not a proximate or contributing cause of the accident; (12) that appellee did not protest to the driver of the car as to the rate of speed at which it was being driven; (13) that his failure to protest was not negligence and was not a proximate or contributing cause of the accident; (14) that the lights on the automobile were sufficient to illuminate the highway a safe distance ahead under the conditions; (15) that appellee could not, by the use of ordinary care, have discovered the barricade in time to avoid the accident; (16) that $4,900 would fairly compensate appellee for his injuries; and (17) that $2,000 would fairly compensate him for the loss of his wife.

Upon such findings, the court rendered judgment in favor of appellee for $6,900, and the Asphalt Company has appealed.

## Opinion.

Appellant's propositions upon which it seeks a reversal of the judgment are, in substance: (1) That it was entitled to an instructed verdict; (2) that, upon the findings of the jury, judgment should have been rendered in its favor; (3) that the court erred in refusing to permit it to withdraw its announcement of ready and not proceed until the minor daughter of the deceased wife was made a party to the suit; (4) that its requested issues 3, 4, and 5 should have been submitted; (5) that issues 8, 9, 10, 11, 12, 13, 14, and 31 were improperly submitted; (6) that "proximate cause" was not properly defined; (7) that the evidence being insufficient to sustain the findings of the jury on issues 8, 9, 10, 11, 12, and 13, the court should have set the verdict aside and granted a new trial; and (8) that a new trial should have been granted by reason of certain improper argument of counsel for appellee.

■ At the conclusion of appellee's testimony, appellant moved to be allowed to withdraw its announcement of ready in the case and not to proceed in the trial of the case until Ethel May O'Rear, who the evidence discloses was a minor daughter of the deceased wife of appellee, had been made a party.

This motion was overruled by the court, and his action in so doing is made the basis for the third assignment of error.

This assignment must be sustained. Dallas & Wichita R. R. Co. v. Spiker, 59 Tex. 435; S. A. & A. P. Ry. Co. v. Mertink, 101 Tex. 165, 105 S. W. 485; Galveston-Houston Elec. Ry. Co. v. Reinle (Tex. Civ. App.) 264 S. W. 783.

The Supreme Court in S. A. & A. P. Ry. Co. v. Mertink, supra, had this to say:

"For the death of Mrs. Mertink her surviving husband and four daughters had a right of action against the railroad company, if the death was caused by the negligence of the employees of the company. The statute gives the right of action to all the parties to recover one sum—that is, the damages which resulted from the death of the mother—and authorizes the jury to apportion it among the parties according to their several rights; but under the statute there can be but one action. Railway Co. v. Moore, 49 Tex. 31, 30 Am. Rep. 98; Railway Co. v. Le Gierse, 51 Tex. 189; Railway Co. v. Culberson, 68 Tex. 664, 5 S. W. 820. * * *

"Five parties were entitled to sue, but two alone brought suit for themselves and recovered the damages without any notice being taken of the other three. The judgment rests upon a palpable error, and must be reversed. To sustain the judgment, we must hold that the three not joined are bound by the judgment, or that the railroad company is liable to another recovery by them. Either conclusion would be without support in the law and repugnant to our sense of justice."

What was there said appears to apply with equal force to the case at bar, and calls for a reversal of the judgment. We cannot agree that appellant was entitled to an instructed verdict. Without discussing the evidence in detail, we are of the opinion that it was sufficient to raise issues of fact which were properly submitted to the jury.

The further contention is made by appellant that the jury having found in response to issues 2 and 5 that appellant maintained warning signs south of the barricade and along the highway, and a light of sufficient brightness at or on the barricade which could have been seen by motorists coming from the south along the highway, by the use of ordinary care, appellee was, as a matter of law, guilty of contributory negligence and could not recover.

This contention cannot be sustained, the jury, having also found in answer to issues 15, 24, and 27 that appellee was keeping a proper lookout, that the automobile in which he was riding was equipped with sufficient lights, and that, by the use of ordinary care, he could not have discovered the presence of the barricade in time to have avoided the accident.

■ We are unable to see how the failure to maintain a byroad or detour with a safe descent from the roadway thereto could have been a proximate cause of the accident. As we understand the record, appellee makes no claim that the accident occurred while he was attempting to use a detour, that there rested any obligation on appellant to provide a detour at the point where the car left the roadway, or that the detour was constructed in such an unsafe manner as to cause the driver of the car to collide with the barricade.

There also appears to be a conflict in the findings as to the liability of appellant as far as the maintaining of the loose rock and gravel on the roadbed just south of the barricade is concerned.

■ If proper warning signs and a sufficient light were maintained by appellant, then we fail to see how the driver of the car going at a rate of 25 to 28 miles per hour and keeping a proper lookout would have been unable to stop long before he reached the loose rock and gravel which the record shows extended, at the most, 30 feet south of the barricade. The question of unavoidable accident which, from the findings of the jury, appears to be in the case, should have been submitted so as to place the burden of proving the negative thereof on appellee. G. H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521.

■ Appellant's requested issue No. 4 as to whether it was negligence to drive the auto-

mobile on the occasion in question with four people on the front seat should, we think, have been submitted. Whether it was a proximate cause of the accident would depend upon whether it prevented the driver or appellee from keeping a proper lookout or interfered with the operation of the car to such extent as to cause the accident, but the evidence showing that four people were on the seat, and appellant having pleaded that fact as contributory negligence, it was entitled to have the jury pass on the question.

Requested issue No. 3 should also have been given.

■ Requested issue No. 5 seems to be substantially covered by special issue No. 18, in answer to which the jury found that the automobile was traveling at a rate of from 25 to 28 miles per hour. Appellant in due time objected to the court's definition of "proximate cause" on the ground that it was misleading, ambiguous, calculated to mislead the jury, more onerous than the law required, did not include and define the terms "new and independent cause," "unbroken and continuous sequence," and "foreseeableness."

In all probability, this question will not arise on another trial.

In the case of Robertson & Mueller v. Holden, 1 S.W.(2d) 570, the Commission of Appeals discussed at some length a definition of the term and we suggest that, in case another trial is had, the holding there be followed.

The objections made to the submission of special issues 8, 9, 10, 11, 12, and 13 are untenable, and the assignments raising the questions as to their correctness are overruled.

The other assignments raise questions which will probably not arise on another trial, and we therefore shall not consider them.

For the errors above pointed out, the judgment will be reversed, and the cause remanded.