## TEXAS & N. O. R. CO. v. EWING et al.

### No. 9606.

Court of Civil Appeals of Texas. Galveston.

Dec. 1, 1931.

Rehearings Denied Feb. 4, 1932.

Baker, Botts, Andrews & Wharton, of Houston, Lewis & Lewis, of Navasota, and Frank A. Woods, of Franklin, for appellant.

J. B. Leigh, of Navasota, and Dean & Humphrey, of Huntsville (on motion for rehearing), for appellees.

GRAVES, J.

The appellees, Mrs. Ewing and minor daughter, Katherine, recovered of appellant an aggregate of $24,500 in damages, as for its negligence in proximately causing the death of their husband and father, E. S. Ewing, whose body was completely cut in two underneath one of its passenger trains at or near its station in the town of Navasota about 1 o'clock on the night of August 23, 1929; the remains—severed at the waist—were found lying face downward right near the water crane alongside appellant's track, south of where the Santa Fé railroad crossed it, the upper portion being inside of, and the lower one just outside of, the west rail.

The judgment was entered on a jury's verdict in response to special issues that found adversely to the railroad company on all the inquiries propounded touching either negligence upon its part, or contributory negligence upon that of the deceased, and fixed the jury's estimate of the pecuniary loss suffered by the two appellees.

In this court appellant contends, first, that it should have had a peremptory instruction below "because there is no affirmative proof of causal connection between the death of deceased and negligence of appellant," and, then, that a reversal should ensue because of errors in the admission of testimony from the witnesses Sandel and Pierce, the definition of "proximate cause," the instructions given in connection with and the submission of the special issues in numerous particulars, and in the final refusal of a new trial because of alleged misconduct of certain jurors "in discussing during their deliberations extraneous matters pertaining to controverted issues in the case."

The argument for a summary instruction—seemingly proceeding from an erroneous idea of what the state of the evidence

should be to require it—is regarded as unsound; for instance, the brief urges: "As to whether this evidence is sufficient to show negligence, we think there is grave doubt. But, assuming that it is sufficient to support one or more of the grounds of negligence relied upon by appellees, we most earnestly submit that it is wholly insufficient to show by a preponderance of proof that such negligence was the proximate cause of the death of deceased. There is no affirmative evidence sufficient to show any causal connection between the negligence of appellant and the death of deceased."

The principle as thus stated is not conclusive of the matter. Were it conceded that there was neither sufficient affirmative evidence alone—nor even a preponderance of that of all kinds—showing a proximately causal connection between appellant's negligence and Mr. Ewing's death, still such a withdrawal of the whole case from the jury would have been improper, if—the question of proximate cause being itself not only one of fact like any other, but likewise determinable by circumstantial as well as direct proof —there were yet on the whole enough facts and circumstances to raise an issue over the existence of such connection. It is only when no such issue of fact remains that a peremptory instruction is permissible. Railway v. McGinty (Tex. Civ. App.) 293 S. W. 302; Railway v. Porter, 73 Tex. 304, 11 S. W. 324; Railway v. Boone, 105 Tex. 188, 146 S. W. 533; Electric Ry. Co. v. Stewart (Tex. Civ. App.) 217 S. W. 1081; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030; S. A. Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Railway v. Finger (Tex. Civ. App.) 16 S.W.(2d) 132; Union Stock Yards v. Peeler (Tex. Civ. App.) 21 S.W.(2d) 1076; McCoy v. Beach-Wittman Co. (Tex. Civ. App.) 22 S.W.(2d) 714; Trochta v. Railway (Tex. Com. App.) 218 S. W. 1038; Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Railway v. Price (Tex. Civ. App.) 222 S. W. 628; Dallas Railway Co. v. Warlick (Tex. Com. App.) 285 S. W. 302.

▮ That such an issue was raised here seems plain. This was not an instance of where either the instrumentality or general cause of death was unknown or even uncertain, since the undisputed proof showed the deceased to have been killed by the passenger train he had within an hour before bought a ticket to go to Dallas on, the time, place, and approximately immediate surroundings of the occurrence being likewise established, only the particular manner in which it came about being in doubt or subject to inquiry; as affects that, in addition to what has been recited as being undisputed, there were several other contributing conditions testified to, which, concurring with it, clearly were sufficient to take to the jury

the inquiry as to whether or not such causative negligence on appellant's part was a reasonable inference, among them:

(1) That, within an hour before the train that so killed him arrived at Navasota, Mr. Ewing bought a ticket for it from appellant's agent from there to Dallas, having had previous information that he would have to secure sleeping car accommodations on the train; the train upon arrival at Navasota about 1 o'clock that night, however, having been stopped down in the yards so that, in order to board it, he had to go to a point beyond and south of the platform provided for that purpose.

(2) That there were several obstacles south of the platform and near where his body was found, which reasonably might have in some manner caused Mr. Ewing to stumble or fall underneath the train at that place, among them, somewhat abrupt depressions between the rails of the Santa Fé track, loose gravel just south of that on the way usually traveled by passengers for that train in going from the depot to its sleeping coaches, as well as both a block signal and water tower, or crane, the concrete bases of which stuck up above the ground.

(3) That all the sleeping cars of that train had stopped south of the Santa Fé crossing; that Mr. Ewing, after having so bought his ticket, was last seen alive in appellant's station after this train that killed him had arrived; and that, only a few moments before his death, appellant's tower keeper, from underneath the train on its east side, saw the legs of a man, whose pants were the same color as Mr. Ewing's, walking south on the other side from about opposite the tower.

(4) That Mr. Ewing was the only passenger at Navasota for that train that night; that the area where he was killed was well lighted; and that, after so stopping the sleeping cars below the Santa Fé crossing, the train was started again within about four minutes without the operatives having taken proper precautions to see to it that he was safely on board thereof.

Indeed, in answering the special issues submitted, the verdict found, apparently at least, that there was negligence in each of these specified particulars that proximately caused the tragedy; for the purposes of the question in hand, no inquiry concerning the sufficiency of the evidence to support such findings is either raised or material.

▮ There was no evidence of suicide; hence the strong presumption of law that it was not committed obtains, to say nothing of the jury's further finding to that effect.

Wherefore the request for peremptory instruction was properly overruled.

▮ But these, if not others of the objections, we conclude, do involve prejudicial error:

(1) This instruction of the court to the jury: "Railroads are required to furnish means of access to and from its trains and approaches, and where the same are faulty in construction or repair, and a passenger is injured by reason of such faulty condition, it is negligence on the part of the road, and the passenger is entitled to recover."

(2) The court's submission of all of the issues relating to contributory negligence in this one general inquiry: "Was the said E. S. Ewing guilty of contributory negligence at the time of the accident which caused his death?"

(3) The failure to grant a new trial, because of the misconduct of certain ones of the jurors, in discussing during their deliberations certain extraneous matters as if pertaining to controverted issues in this cause. Comment thereon is made seriatim.

1. The vice in this quoted instruction is that, contrary to the law, it imposes upon the railroad company an absolute duty to furnish means of access to and from its trains and approaches free from fault in construction or repair, the violation of which would as absolutely penalize it in damages at the suit of any passenger injured thereby, regardless either of whether the failure in fact amounted to negligence, or if so constituted the proximate cause of the injury, or whether the passenger was guilty of contributory negligence; whereas, not only was the use of ordinary care under the particular circumstances in the furnishing of such means of access the legal measure of appellant's duty in respect thereto, but it would further not have been so liable for a failure to live up to even that requirement, unless at the same time it also appeared both that its negligence in not doing so had been a proximate cause of the injury entailed, and that the passenger had been free of contributory negligence. J. C. Stout Lumber Co. v. Mouton (Tex. Civ. App.) 293 S. W. 688; City of Nacogdoches v. Wise et ux. (Tex. Civ. App.) 300 S. W. 949; article 2185, Revised Civil Statutes, last part.

2. While the several particular acts of negligence alleged to have been committed on the part of the appellant were separately submitted, the issue as here given the jury in effect denied a like treatment of the different specific acts of contributory negligence, its pleadings and proof raised against the deceased; that is, while it is true that added general inquiries were made as to whether Mr. Ewing undertook to board the train in the usual manner as was ordinarily done by other passengers, and as to whether he failed on that occasion to exercise ordinary care for his own safety while in that vicinity, the railroad company had pleaded, offered testimony to support, and requested issues on, these further specific charges:

"(a) The deceased, E. S. Ewing, was negligent in failing to board said train at one of the vestibules which had been opened for such purpose while said train was standing at said station.

"(b) The said deceased was negligent in failing to board said train at the vestibule of one of the chair cars in said train and in passing such open vestibules and walking beyond the same toward the rear of the train.

"(c) The said deceased was negligent in failing to board said train at the vestibule of one of the Pullman cars attached to said train; such vestibule having been opened and he having been invited to board the same, and in passing such open vestibule and walking on down the track toward the rear of the train.

"(d) * * *

"That each of the acts of negligence above alleged to have been committed by the said deceased, E. S. Ewing, was a direct and proximate cause of his death, and the damages alleged to have been sustained by plaintiffs, and the said E. S. Ewing was therefore guilty of such negligence, or contributory negligence, as should be a bar to any recovery by plaintiffs herein."

These inquiries embodied ultimate issues of fact, which, if found in appellant's favor, would have constituted a defense to the suit; hence it was entitled to an affirmative submission of them to the jury. Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; City of Nacogdoches v. Wise et ux. (Tex. Civ. App.) 300 S. W. 949; T. & N. O. Ry. Co. v. Owens et al. (Tex. Civ. App.) 299 S. W. 933; Ft. Worth & R. G. Ry. Co. v. Sageser et al. (Tex. Civ. App.) 18 S.W.(2d) 246; St. Louis S. W. Ry. Co. v. Osborne (Tex. Civ. App.) 270 S. W. 922; St. Louis, S. F. & T. Ry, Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Robinson v. Aetna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900; Northern Texas Traction Co. v. Gilbert (Tex. Civ. App.) 282 S. W. 850; Wonderful Workers of the World v. Winn (Tex. Civ. App.) 31 S.W.(2d) 879; article 2190, Revised Civil Statutes; Farrar Lumber Co. v. McDonald (Tex. Civ. App.) 32 S.W.(2d) 940; Tex. Emp. Ins. Ass'n v. Galloway (Tex. Civ. App.) 40 S.W.(2d) 973; American Asphalt Co. v. O'Rear (Tex. Civ. App.) 41 S.W.(2d) 322.

3. On the hearing for a new trial, the jurors Hinds and Shook, if no others, testified to having been severally influenced in their deliberations upon a verdict by ex curia matters that were clearly within the ban of impropriety raised by our courts of last resort; for instance, they both disclosed, whether expressly saying as much or not, not only that, wholly outside of the evidence received, some of the jurors had volunteered statements of their own to the effect that it made no difference what verdict they ren-

dered, that the railroad would appeal the case anyway, but also that they themselves had been influenced thereby in agreeing to the verdict as returned.

Other like injections that this court is unable, from the record presented, to say may not have likewise affected one of them, or some other member of the jury, were of what different jurors knew of their own knowledge about where the appellant was in the habit of stopping its trains in the vicinity of this accident, and of a certain dynamite blast case that occurred at Huntsville, in which a settlement had been made or offered, one of the jurors saying "a settlement had been offered in that case, and the railroad could pay this too." The rule on this subject has been recently declared in Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, to be:

"It may be clear that eleven (or a lesser number) of the jurors were not, to any degree, influenced by the improper conduct; yet if it remains reasonably doubtful whether one (or a larger number) was, or was not, influenced, the vice remains and the verdict must be set aside (Southern Traction Co. v. Wilson [Tex. Com. App.] 254 S. W. 1104), because each juror can rightly agree to the verdict only when guided solely by the instructions of the trial judge and the evidence heard in open court. A proper corollary is that, when misconduct is once shown, and there is reasonable doubt as to its effect, that doubt must be resolved against the verdict. * * *

"For the application and enforcement of these principles there are other rules whose justice cannot be doubted. If upon a material issue a juror be influenced at all, the extent (or rather the impossibility of measuring with exactitude the extent) is immaterial: this because definite portions of an opinion or idea cannot be allocated to each of its various confederate causes. See Southern Traction Co. v. Wilson [Tex. Com. App.] 254 S. W. 1104."

If other material errors are pointed out, they probably are such as will not occur upon another trial; in view of a reversal, however, it may not be amiss to indicate this court's view:

(1) That admission of the complained of testimony of the witnesses Sandel and Pierce was not, under the attending circumstances, prejudicial.

(2) That both the definition and the manner of submission to the jury of the issue of "proximate cause" could be improved, in the one particular by either explaining or omitting the term "new independent cause" according to whether the evidence does or does not raise such a question of fact, and, in the other, by submitting the inquiry separately with reference to each given issue of negligence.

(3) That it would be preferable to so change the verbiage of the issue presenting the question of damages as to make it plainer that, in determining what amount, if paid now, would compensate the appellees for their loss, the jury were only to take into consideration the sum of money Mr. Ewing would probably have contributed to them, had he lived, not to perforce fix the compensation at that.

For the errors indicated, the judgment has been reversed, and the cause remanded.

Reversed and remanded.