MONTE CARLO DISTRIBUTING CO. v. ROSAS.

No. 10500.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1939.

Rehearing Denied April 26, 1939.

R. H. Mercer, of San Antonio, for appellant.

H. S. Groesbeeck, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Joe Rosas against Southern Brewing Company and Monte Carlo Distributing Company, corporations, seeking to recover damages sustained by him as a result of a collision between a truck driven by Rosas and another truck driven by one Barrett and owned by Monte Carlo Distributing Company. The collision occurred upon a state highway, known as the Bandera Road, at a point about twenty-four miles in a northwesterly direction from the City of San Antonio. Both trucks were going in the same direction and the one driven by Barrett was attempting to pass the one driven by Rosas when the collision occurred. Rosas had a pipe or steel culvert (such as is used in road construction), about two feet in diameter, loaded in his truck. The culvert was from twenty to twenty-four feet long; one end of it was resting against the cab of the truck, directly behind the driver's seat, and the other end was protruding beyond the rear of the bed of the truck. When Barrett attempted to pass Rosas his truck came in contact with the end of the culvert and the accident followed in which Rosas was injured. Rosas did not have a twelve-inch square red flag displayed at the end of said culvert, as is provided for in Section 4, Article 827a, Vernon's Ann. P.C.

The cause was submitted to a jury upon special issues and based upon the jury's answers thereto judgment was rendered in Rosas' favor in the total sum of $7,500; from which judgment the Monte Carlo Distributing Company has prosecuted this appeal.

An instructed verdict was rendered in favor of the Southern Brewing Company, and no complaint is made of such action; it, therefore, will not be necessary to further mention the Southern Brewing Company.

The jury found, in answer to the special issues submitted to them, as follows:

1. That at the time of the collision the truck operated by R. M. Barrett was not being operated partly to the right of the center of the road, as Barrett attempted to pass Rosas' truck.

2. That Barrett did not fail to give Rosas notice and warning of the approach of his truck.

3. That Barrett failed to keep such a lookout for other vehicles as a person of ordinary prudence would have kept under the same or similar circumstances.

4. That such failure to keep a lookout for other vehicles was a proximate cause of the collision and the injuries.

5. That Rosas' truck was worth $500 before the collision and only $100 after the collision.

6. That Rosas did not fail to keep such a lookout for traffic approaching from the rear, as a person of ordinary prudence would have kept, under the same or similar circumstances.

7. That Rosas, at the time and immediately prior to the collision, did not fail to drive his truck to the right of the center of the road.

8. That Barrett sounded his horn as he approached Rosas' truck.

9. That Rosas did not fail to give way to the right in favor of defendant's truck after the giving of such signal.

10. That Rosas did not fail to keep his truck as closely as possible to the right-hand boundary of the highway and allow reasonably free passage to the left by defendant's truck.

11. That Rosas did not change the course of his truck without first seeing if such movement could be made in safety.

12. That $7,500, if paid now, would reasonably compensate Rosas for his injuries.

Appellant, Monte Carlo Distributing Company, contends that the above findings will not support the judgment rendered against it, in view of the fact that the jury found, in effect, that Rosas' truck was well on the right side of the highway and that Barrett's truck was not being operated partly to the right of the center of the road, and that Barrett gave warning before attempting to pass and, further, that Barrett failed to keep a proper lookout, and that such failure was a proximate cause of the collision.

In other words, appellant contends that these findings are in such hopeless conflict as to destroy each other, and therefore will not support a verdict.

We are of the opinion that what was said by Judge Smedley of the Commission of Appeals, in Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, 734, settles this contention against appellant.

We copy:

"Respondents contend that there is conflict or inconsistency in the findings of the jury. This contention is based upon certain answers of the jury to special issues not hereinabove discussed; that the bus did not fail to travel on the right side of the road; that plaintiff did not drive his car so that the left front wheel was on the south side of the center line of the highway; that plaintiff did not turn his car sharply to the left diagonally across the highway into the side of the bus; and that plaintiff did not fail to drive his car parallel to the center line direction of the highway. It is argued that in view of these findings the collision could not have occurred. It is also argued that plaintiff could not have been guilty of contributory negligence in driving at a rate of speed in excess of 15 miles per hour, or in failing to keep a lookout, when he was on the side of the highway where he had a lawful right to be.

"Both arguments are answered by the undisputed fact of collision and by the jury's findings of negligent acts of defendant's employee and of plaintiff, and that such acts of both parties were proximate causes of the collision. Plaintiff alleged that the collision occurred and that in it he was injured. The entire charge assumes that there was a collision. As the case was given to the jury, there was no issue with respect to the occurrence of the collision.

"We do not think that a conflict between a fact admitted (or as to which there is no issue) and findings by the jury of facts not essential to the rendition of judgment can destroy, or affect the validity of, a verdict where, as here, material facts have been found sufficient to support and require the entry of judgment.

"Furthermore, the findings with respect to the positions of the bus and plaintiff's car are not necessarily inconsistent with the occurrence of a collision. Both vehicles may have been so near to the center of the road that they collided, although the bus was driven on the right side of the highway and although plaintiff's car was not so driven that its left front wheel was on the south side of the center line of the highway and was not turned to the left across the highway.

"The fact that plaintiff was driving on the side of the highway where he had a lawful right to be did not relieve him of the duty to use care in keeping a lookout, or of the duty imposed by the statute then in effect to reduce the speed of his automobile to 15 miles per hour when passing another motor vehicle. Certainly the obligation to use care in keeping a lookout rests always upon every driver of an automobile upon a public highway, although the degree of care required varies, of course, in accordance with the particular circumstances and conditions.

"The verdict found all the facts tendered in the pleadings necessary to the rendition of judgment. There were no conflicting findings with respect to any indispensable fact in issue. Judgment should have been rendered for the defendant, because the verdict found acts of negligence on the part of the plaintiff and that such acts, concurring or co-operating with negligent acts of the defendant, were proximate

causes of the injuries. The trial court's action in declaring a mistrial was in effect a refusal to proceed to judgment.

"The writ of mandamus will issue in accordance with the prayer of relator's petition.

"Opinion adopted by the Supreme Court."

See, also, International-Great Northern R. R. v. Lowry, Tex.Civ.App., 98 S.W.2d 383, 387.

■ . Appellant contends that the court erred in not submitting his specially requested issues as to whether or not Joe Rosas failed to load and carry the pipe on the right-hand side of his truck bed, as to whether or not such failure was negligence and a proximate cause of the collision. These matters were pleaded by appellant, and there was evidence raising such issues. Appellant had a right to have such defensive issues affirmatively submitted to the jury. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; St. Louis, S. F. & T. Ry. Co. v. Wilson, Tex.Com.App., 279 S.W. 808; Wonderful Workers of the World v. Winn, Tex.Civ. App., 31 S.W.2d 879; Texas Employers' Ins. Ass'n v. Galloway, Tex.Civ.App., 40 S.W.2d 973; American Asphalt Co. v. O'Rear, Tex.Civ.App., 41 S.W.2d 322; Texas & N. O. R. R. Co. v. Ewing et al., Tex.Civ.App., 46 S.W.2d 398; Fernandez v. Rahe, Tex.Civ.App., 61 S.W.2d 529; Williams et al. v. Rodocker, Tex. Civ.App., 84 S.W.2d 556; Article 2190, R.C.S.1925, Vernon's Ann.Civ.St. art. 2190; Tex.Jur. Vol. 41, p. 1029, par. 229.

■ Appellant also contends that the court erred in failing to submit to the jury his specially requested issues as to whether or not Joe Rosas was operating his truck upon the public highway with a pipe extending beyond the rear bed thereof, without a twelve-inch square red flag displayed at the end of said pipe, and whether or not this was a proximate cause of the collision.

We think the issues should have been submitted; they were called for by the pleading and the proof, and it is clear that if they had been answered in the affirmative by the jury they would have constituted a complete defense to appellee's cause of action. Art. 827a, § 4, Vernon's Ann.P.C., provides as follows: "Wherever the load or drawbar or coupling of any vehicle shall extend beyond the rear or the bed or body thereof, there shall be displayed at the end of such load or extension, in such position as to be clearly visible at all times from the rear of such load or extension, a red flag not less than twelve (12) inches both in length and width, except that between one-half hour after sunset and one-half hour before sunrise there shall be displayed at the end of any such load or extensions a red light, plainly visible under normal atmospheric conditions at least five hundred (500) feet from the rear of such vehicle."

One Fuzzell testified that Barrett told him, shortly after the collision, "I guess I just misjudged my distance and hooked the end of the pipe." The jury might have found that a red flag on the end of the pipe would have been of great assistance to Barrett in judging the distance and that therefore the failure to have such a flag displayed on the end of the pipe or culvert was a contributing cause of the collision. Appellant was clearly entitled to have the jury pass upon this matter, especially in view of the fact that the only act of negligence found against the driver of appellant's truck was a failure to keep a proper lookout. The fact that the driver of appellant's truck admitted that he saw the pipe before he struck it does not preclude the idea that the failure to have a red flag displayed could not have been a contributing cause of the collision.

Appellant submits many other propositions, but as they complain of matters which will not probably occur upon another trial, we refrain from discussing them here.

For the error pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.