352.

DENNIS et al. v. GULF, COLORADO &
SANTA FE RY. CO.
No. 4615.

Court of Civil Appeals of Texas. Beaumont.
May 26, 1949.

Rehearing Denied June 15, 1949.

Briggs & DeWitt, Port Arthur, for appellants.

Chilton O'Brien, Beaumont, for appellee.

R. L. MURRAY, Justice.

This is an appeal from an order in the district court of Jefferson County, sustaining the plea of privilege of Gulf, Colorado & Santa Fe Railway Company, in an action for damages against it brought by Dee Dennis, the mother and by Treva Dennis, George Dennis, Shirley Ann Dennis, and Ernest Dennis, the children, of George Dennis, deceased.

The appellants, plaintiffs in the trial court, brought suit in Jefferson County for damages because of injuries to and the death of George Dennis, which were alleged to have been caused in Hardin County by the negligence of the appellee and its servants, defendant in the trial court. The action was brought under the provisions of Articles 4671–4678, Vernon's Texas Civil Statutes Ann. The appellee duly filed its plea of privilege, claiming its right to be sued in Galveston County, the county of its residence. Appellants duly filed their controverting affidavit, a hearing was had, and when the court entered its order sustaining the plea of privilege, the appellants duly perfected their appeal.

The four minor children, who sue by their next friend, reside in Orange County, and resided there at the time of the alleged injury and death complained of. Dee Dennis, the mother, resides in Hardin County, and resided there at the time of the alleged injury and death complained of. The appellee railway company has an agent and line in Jefferson County, and has no agent nor line in Orange County. Jefferson County is the nearest county to Orange County in which appellee maintains a line and has an agent.

The appellants maintain that their right to sue the appellee in Jefferson County is

given them by an exception to the general venue statute in regard to suits against railroad corporations. This exception, subsection 25 of Article 1995, Vernon's Texas Civil Statutes, Ann., reads as follows:

"25. Railway personal injuries. Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this State, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. If the defendant railroad corporation does not run or operate its railway in, or through, the county in which the plaintiff resided at the time of the injury, and has no agent in said county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent. * * *"

The appellee argues that since Dee Dennis, one of the plaintiffs in the trial court, resided in Hardin County at the time of the injury, suit could have been filed and maintained in Hardin County, which was the county of her residence and the county in which the injury is alleged to have occurred; that when the plaintiffs in the trial court did not elect to bring suit in Hardin County, then proper venue of the suit lies only in Galveston County, the county of its residence.

The question presented here is purely one of venue. It requires only an application of the above quoted portion of the statute to the situation presented here, where there are five plaintiffs, all of whom did not reside in the same county at the time of the alleged injury and death. There can be no question of the statement that if the four children alone were plaintiffs, they could maintain their suit in Jefferson County. If the mother, Dee Dennis, alone were plaintiff, it is equally certain that she could maintain her suit in Hardin County. All the appellants here were necessary parties to the action for wrongful death. It cannot be said that the fact of their grandmother's residence in Hardin County would deny the four children the right to maintain their suit in Jefferson County. We have concluded that by the phrase, "in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent," the statute as applied here means "in the county nearest that in which any plaintiff resided at the time of the injury", etc. To hold otherwise would, in our opinion, give the statute a strained construction not warranted by the language thereof. We believe that when suit is brought in the proper county as to any one of several necessary parties plaintiff, venue is properly laid in that county as to all of them. Suit was properly brought in Jefferson County, and the appellee's plea of privilege should have been overruled.

The judgment of the trial court is reversed and judgment is here rendered that the plea of privilege of the appellee is overruled.