DEE DENNIS ET AL V. GULF, COLORADO &
SANTE FE RAILWAY COMPANY.

No. A-2342. Decided November 16, 1949.
Rehearing overruled December 14, 1949.
(224 S. W., 2d Series, 704.)

388

*Briggs & DeWitt, John R. DeWitt,* of Port Arthur, for appellants.

*Harkrider & O'Brien* and *Chilton O'Brien,* all of Beaumont, for appellees.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This case is before us on certificate from the Beaumont Court of Civil Appeals, 9th District. We quote from the certificate:

"The appellants brought suit in the District Court of Jefferson County against the appellee, a railroad corporation, for personal injuries resulting in death. They are the surviving mother and children of the deceased. The injury and death occurred in Hardin County, Texas. The surviving mother is and was at the time the injury occurred a resident of Hardin County, Texas. The defendant railroad corporation operates a line and has an agent in Hardin County, Texas. The next friend and the surviving children are and were at the time the injury occurred all residents of Orange County, Texas. The defendant railroad corporation does not operate a line or have an agent in Orange County, Texas. The defendant railroad corporation operates a line and has an agent in Jefferson County, Texas. The Jefferson County Courthouse is nearer to the Orange County Courthouse than is the Hardin County Courthouse. The defendant railroad corporation has and maintains its principal office in Galveston County, Texas.

"We certify to the Supreme Court of Texas the following question: 'When the facts stated above are undisputed, is the defendant railroad corporation's plea of privilege to be sued in Galveston County, Texas, properly overruled and venue proper-

ly retained in Jefferson County, Texas, under the provisions of Sub-section 25, Article 1995, Vernon's Texas Civil Statutes, Annotated, in a suit brought under the provisions of Articles 4671 to 4678, Vernon's Civil Statutes, Annotated?' "

One additional undisputed fact should be stated, and that is that the suit was brought in the county nearest that in which the children resided at the time of the injury in which the railway company runs or operates its road or has an agent.

Subsection 25 of Article 1995, referred to in the question, reads in part as follows:

"Suits against railroad corporations * * * for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. If the defendant railroad corporation does not run or operate its railway in, or through, the county in which the plaintiff resided at the time of the injury, and has no agent in said county, then said suit shall be grought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent."

Under the express provisions of that section, had the children been the only plaintiffs they would have had the right to lay the venue of the case either in Jefferson County or in Hardin County. The only question which arises is whether or not that right was defeated by the joinder of the mother as a plaintiff.

■ This is an action for damages for injuries resulting in death, and is governed by Articles 4671 to 4678, R. C. S. In an action of that nature, while there may be many persons entitled to share in the damages recovered, still only one suit may be brought therefor, and the rights of all parties to recover damages must be adjudicated in that suit. Houston & T. C. Ry. Co. v. Moore, 49 Texas 31, 30 Am. St. Rep. 98; San Antonio & A. P. R. Co. v. Mertink, 101 Texas 165, 105 S. W. 485; Colgate-Palmolive-Peet Co. v. Perkins, 48 S. W. (2d) 1007 (error refused).

■ Article 4675, which designates the persons who may recover damages for injuries resulting in death, provides that any one of such persons may maintain the action for the benefit of all. Under that provision the children could have prosecuted this

suit for the benefit of themselves and the mother without her knowledge or consent. Missouri Pacific R. Co. v. Henry, 75 Texas 220, 12 S. W. 828; San Antonio Street Railway Co. v. Renken, 15 Texas Civ. App. 229, 38 S. W. 829 (error refused); Taylor v. San Antonio Gas & Electric Co., 93 S. W. 674 (error refused).

■ It seems clear that, had the mother not joined in the suit, and it had been filed by the children for her benefit as well as their own, they would have had the right to place the venue in Jefferson County. To hold otherwise would be to hold that they had the statutory right to prosecute the suits as plaintiffs, but must be denied the rights given a plaintiff under Subsection 25 because they sued for the mother's benefit as well as their own. That conclusion could not be justified. The question then narrows down to this: Since the suit could have been prosecuted in Jefferson County had the mother not joined voluntarily as a plaintiff, does the fact that she did joint defeat the venue in that county? We think not. The railway company is correct in its position that under the first sentence of Subsection 25 two reasons existed why venue could have been maintained in Hardin County, the injury occurred there and one plaintiff, Dee Dennis, resided there. But it does not follow that that county has exclusive venue. The right granted in the second sentence of Subsection 25 for a plaintiff, upon the condition there stated, to bring suit in a county nearest to that of his residence in which the railway company operates its road or has an agent is not to be subordinated to the right to bring the suit where the injury occurred or in the county of the residence of plaintiff where the company operates its road or has an agent in that county. Each sentence in the subsection is just as mandatory as the other, and the rights conferred by the two together are of equal dignity.

We answer the question, "Yes."

Opinion delivered November 16, 1949.

Rehearing overruled December 14, 1949.