MISSOURI–KANSAS–TEXAS R. CO. OF
TEX. v. SNODGRASS.

No. 2814.

Court of Civil Appeals of Texas. Eastland.

July 28, 1950.

Rehearing Denied Jan. 12, 1951.

O. O. Touchstone, Dallas, for appellant.

Morris G. Watson, Roby, Scott Snodgrass, San Angelo, for appellee.

GRISSOM, Chief Justice.

Scott Snodgrass, Jr., sued the Missouri-Kansas-Texas Railroad Company of Texas in Fisher County for damages sustained in a grade crossing collision in Dallas County. Snodgrass at all times material has been a resident of Tom Green County. The defendant railroad does not operate its railroad or have an agent in Tom Green County. Under such a situation exception 25, Art. 1995, Vernon's Ann.Civ.St., provides that the suit "shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent." The railroad company filed a plea of privilege asserting the right to be sued in Dallas County, the county of its residence or corporate domicile, and the county in which the injury occurred. The plea of privilege was overruled and the railroad company has appealed.

Snodgrass controverted the railroad company's plea of privilege by alleging his injury in Dallas County, his residence in Tom Green County, the fact that the railroad did not operate its line or have an agent in Tom Green County and by the further allegations that the railroad company operates its road and has an agent in Fisher County and that Fisher County is the "county nearest that in which the plaintiff resided at the time of the injury," that is, that Fisher County was the county nearest Tom Green County. As we understand the record, there are no facts in dispute. It was stipulated that at the time of the accident the railroad company operated its line and had an agent in Fisher and Callahan Counties and that said railroad company does not have a line of railroad nor an agent in any county closer to Tom Green County than Fisher and Callahan Counties. It was further stipulated (6) that the distance between the county seat of Tom Green County and the county seat of Fisher County, by the usually traveled and most practical route, is less than the distance between the county seat of Tom Green County and the county seat of Callahan County, by the usually traveled and most practical route. (7) That the air line distance between San Angelo and Roby and San Angelo and Baird is the same and (8) that from the closest boundary line to the closest boundary line, Callahan County is nearer Tom Green County than Fisher County.

Appellant contends that that portion of exception 25, Art. 1995, which provides that the suit shall be brought either in Dallas County, where the injury occurred, or in the "county nearest that in which the plaintiff resided at the time of the injury," means the county whose boundary line is nearest the closest county boundary line of Tom Green County, which in this case is Callahan County. On the other hand, appellee contends that said provision of exception 25 means the county seat of that county which is nearest the county seat of Tom Green County, where the plaintiff resided when injured. Appellee argues that otherwise there could be no certainty as to the county in which the plaintiff might maintain his suit, because, if the issue is determined by the nearest county line of a county in which a railroad defendant operates its lines or has an agent, in many instances there would be several such coun-

ties bordering on the county where the plaintiff resided when injured.

The only decision on the point appears to be Burlington-Rock Island R. Co. v. Garlitz, Tex.Civ.App., 151 S.W.2d 889, in which it was held that the determining factor is the distance between the court house in the county of the plaintiff's residence and the nearest court house of a county wherein a defendant railroad operates its line or has an agent. We have concluded that the question was correctly decided in the above case and we do not think further discussion of the question would be helpful. Although the question was not directly presented, the correctness of the decision in the Garlitz case seems to have been assumed by the Supreme Court in Dennis v. Gulf, C. & S. F. Ry. Co., 224 S.W.2d 704, 705.

The judgment is affirmed.