**DEL VALLE RODRIGUEZ**

v.

**WHEELER et al.**

Civ. No. 893.

United States District Court,
S. D. Texas, Brownsville Division.

Aug. 14, 1954.

Johnson, Phillips, Hester, Jenkins & Lewis, Harlingen, Tex., for plaintiff.

Cox, Wagner, Adams & Wilson, Brownsville, Tex., for defendants.

ALLRED, District Judge.

Action for damages in the sum of $25,775.65 by plaintiff, a citizen of Mexico, against defendants, resident citizens of Texas, arising out of the death of plaintiff's husband in an automobile collision. "Plaintiff brings this action for the benefit of all persons entitled to damages for the death of the said Guadalupe del Valle Rodriguez." The pleadings disclose that the deceased was survived by plaintiff, his wife, and by three children. One was born in Mexico, the other two in Texas. Also surviving were Rodriguez's parents, citizens of Mexico who have disclaimed.

Defendant moves to dismiss on the ground that there is not complete diversity of citizenship since two of the minor children are citizens of Texas. Plaintiff

**104**

has filed a brief but defendants have not favored the court with a brief in support of their motion.

Rule 17(a), of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that every action shall be prosecuted in the name of the real party in interest, but *a party authorized by statute may sue in his own name without joining with the party for whose benefit the action is brought.* Article 4675 of Vernon's Texas Civil Statutes provides that actions for damages arising from death may be brought by the surviving husband, wife, children and parents, "or by either of them for the benefit of all." This right of any of the survivors to bring the action for the benefit, even without the consent, of all has been upheld by the Texas Supreme Court, Dennis v. Gulf, C. & S. F. Ry. Co., 148 Tex. 387, 224 S.W. 2d 704.

Defendants' motion to dismiss is overruled. The Clerk will notify counsel.