**TEXAS & NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**Eúnice Faye BRADLEY, Appellee.**

No. 10622.

Court of Civil Appeals of Texas.

Austin.

Dec. 17, 1958.

Rehearing Denied Jan. 7, 1959.

Baker, Botts, Andrews & Shepherd, McGregor, Sewell & Junell, Harman Parrott, Houston, for appellant.

W. T. Bennett, Huntsville, Mac L. Bennett, Jr., Normangee, McClain & Harrell, Conroe, for appellee.

GRAY, Justice.

This is a venue case and is an appeal by Texas and New Orleans Railroad Company

(T. & N. O.) from an order overruling its plea of privilege.

Eunice Faye Bradley, the surviving wife of L. C. Bradley, for herself and for Evelyn Marie Bradley, Linda Lucille Bradley and Earline Bradley Rogers, the surviving children of L. C. Bradley and for Mrs. Lena Bradley, the surviving mother of L. C. Bradley, filed suit in Montgomery County against T. & N. O. to recover damages for the wrongful death of L. C. Bradley. Eunice Faye Bradley also filed a separate suit in Montgomery County against T. & N. O. to recover damages for the wrongful death of John Marcus Bradley, a minor son of herself and L. C. Bradley.

It was alleged that at about 6:45 P. M. on June 24, 1957, L. C. Bradley was driving a truck along Highway 21 in Lee County and that L. C. Bradley was accompanied by his minor son John Marcus Bradley; that T. & N. O. owns a railroad line which crosses said Highway 21; that at such crossing the said truck and a freight train operated by T. & N. O. collided; that L. C. Bradley and John Marcus Bradley died as the result of injuries sustained because of the negligence of T. & N. O.

T. & N. O. filed its plea of privilege in each suit and prayed that the cause be transferred to Lee County or in the alternative to Grimes County or to Harris County, the county of its principal domicile and place of business.

Consolidated Underwriters intervened and alleged that it was the workmen's compensation insurance carrier for Walker Bros. Lumber Company who was the employer of L. C. Bradley and sought to recover compensation paid to plaintiffs because of the death of L. C. Bradley. However it was agreed that venue as to the intervention would follow venue in the suit and for which reason the intervention will not be further noticed.

At a nonjury trial the pleas of privilege were overruled. The two causes were consolidated by a nunc pro tunc order and this appeal is from the consolidated order overruling said pleas of privilege.

The evidence shows that at the time of the trial L. C. Bradley and John Marcus Bradley were dead; that prior to his death L. C. Bradley lived with his wife Eunice Faye Bradley and their children at Huntsville in Walker County; that plaintiffs resided in Walker County at the time the suits were filed; that the collision in question occurred in Lee County; that T. & N. O. is a railroad corporation with its principal domicile and place of business in Harris County; that it does not operate a railroad in Walker County; that it does operate a railroad in Montgomery County; that the courthouse in Montgomery County is nearer to the courthouse in Walker County than the courthouse of any county adjoining Walker County. There was no evidence that T. & N. O. had an authorized agent in Walker County.

T. & N. O. presents six points which are to the effect that the trial court erred in overruling its plea of privilege because the plaintiffs failed to prove: a prima facie case of negligence; a prima facie case of liability; a case of negligence by a preponderance of the evidence; a case of liability by a preponderance of the evidence; a prima facie case of damages for personal injuries resulting in death, and a case of damages for personal injuries resulting in death by a preponderance of the evidence.

The exception of the general venue statute applicable here is exception 25 of Art. 1995, Vernon's Ann.Civ.St. It provides in part:

"Railway personal injuries.—Suits against railroad corporations * * * for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. If the defendant railroad corporation does not run or operate its railway in, or through, the county in which the plaintiff re-

sided at the time of the injury, and has no agent in said county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent. When an injury occurs within one-half mile of the boundary line dividing two counties, suit may be brought in either of said counties. If the plaintiff is a nonresident of this State then such suit shall be brought in the county in which the injury occurred, or in the county in which the defendant railroad corporation has its principal office."

Looking to the above exception to determine the facts necessary to be established to sustain venue under that exception we find that it applies to suits against railroad corporations for damages for personal injuries resulting in death (or otherwise). That this is such a suit is shown by plaintiff's petition which was introduced in evidence. It was "the best and all-sufficient evidence of the nature of the action." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. There appears to be no controversy as to this question because T. & N. O. in its pleas of privilege says:

"Reference is here made to the Plaintiff's Original Petition for the limited purposes of showing the nature of the alleged cause of action sought to be maintained by the plaintiff against this defendant in Montgomery County, Texas."

The nature of the case then is shown to be one coming within the provisions of the exception and it remains to be determined whether under the proof venue of such suits can be sustained in Montgomery County.

Neither party contends or suggests that the injuries occurred within one-half mile of the boundary line dividing two counties, or that the plaintiffs were nonresidents of the State. For these reasons the latter provisions of the exception have no application to the facts here.

■ The evidence shows that prior to his death L. C. Bradley resided with his family in Walker County and that plaintiffs resided there at the time the suits were filed. The evidence also shows that T. & N. O. does not operate a railroad in or through Walker County and has no authorized agent there. These facts being established then venue under the exception may be sustained in the county nearest to Walker County in which T. & N. O. runs or operates a railroad or has an agent. The evidence shows Montgomery County, the county where the suits were filed, to be the county named in the exception. Missouri-Kansas-Texas R. Co. of Texas v. Snodgrass, Tex.Civ.App., 235 S.W.2d 751. Under the above facts the plaintiffs had the right to fix venue in either Lee County or in Montgomery County. Dennis v. Gulf, C. & S. F. Ry. Co., 148 Tex. 387, 224 S.W.2d 704.

■ Exception 25, supra spells out the venue facts necessary to be established in order to fix venue in suits of the nature of the suit here. We have above said these facts were proved and this was all that was necessary to sustain venue in Montgomery County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. These facts being established then the exception does not require proof of a cause of action for the reason that the issue is venue, not liability. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; 43-B, Tex.Jur., p. 361, Sec. 151.

T. & N. O.'s points are overruled and the judgment of the trial court is affirmed.

Affirmed.

HUGHES, J., not sitting.