Moursund, Ball, Young & Adelman, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, James D. Guess, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from an agreed judgment in a suit brought by appellant, James H. Griffin, to recover damages for the death of his minor daughter, Sheila Rena Griffin, after being struck by a vehicle operated by appellee, Thomas Bert Smith, while in the scope of his employment for appellee O. R. Mitchell Motor Company.

Griffin asserts two points on this appeal: 1. The trial court erred in entering this consent judgment in that Shirley Griffin, the mother of the deceased minor, was not a party to this suit and same was not brought for her benefit. 2. The trial court erred in not apportioning any of the damages to said mother of the deceased.

**James H. GRIFFIN, Appellant,**

v.

**Thomas Bert SMITH et al., Appellees.**

**No. 14897.**

Court of Civil Appeals of Texas, San Antonio.

July 8, 1970.

Rehearing Denied July 29, 1970.

Appellant, by his attorney, Ruben R. Lozano, Esq., brought this suit "individually and as representative of the heirs and estate of Sheila Rena Griffin, deceased," and in his petition Griffin alleged that the minor child was four years of age at the time of her death on May 1, 1969, as a result of injuries sustained in the accident on April 25, 1969. Griffin alleged that he and the child's mother, Shirley Griffin, were divorced on August 17, 1967, and by said decree he was awarded custody of the minor child. Griffin further alleged that as a result of the injuries to and the death of said minor child he had incurred certain medical expenses, funeral expenses and had sustained loss of services. He alleged that the child died intestate and no administration had been taken out and none was necessary on her estate.

The petition and appellees' answer were filed on February 11, 1970, and the judgment was signed on the same date. The judgment recites that Griffin came, "individually and as representative of the heirs and estate of Sheila Rena Griffin," together with the appellees, and all parties announced that the claims of Griffin had been compromised and settled for the sum of $5,000.00. All parties waived trial by a jury and asked the court to inquire into such settlement agreement and to approve same if found to be fair, just and reasonable. The judgment recites that the court after hearing evidence ordered that Griffin recover the sum of $5,000.00 in full and final settlement of any and all claims against the appellees, and further found that such sum had been fully paid. On February 20, 1970, Griffin secured a different attorney who filed a motion for new trial which was overruled on March 5, 1970, and this appeal duly perfected.

■ The basic question on this appeal is whether Griffin, after having voluntarily entered into the agreed settlement and judgment, may now assert error because the child's mother was not joined as a party plaintiff and none of the damages were apportioned to her. At the outset it should be emphasized that the mother, Shirley Griffin, did not file a motion for new trial and is not a party to this appeal. We therefore express no opinion concerning her rights by reason of the death of the minor child and the sum paid Griffin in settlement. Nor do we consider whether the allegations of Griffin's petition were sufficient to invoke jurisdiction of the mother's claim as a beneficiary under Art. 4675, Vernon's Ann.Civ.St. See Dennis v. Gulf, C. & S. F. Ry. Co., 148 Tex. 387, 224 S.W.2d 704 (1949).

Insofar as appellant, James H. Griffin, is concerned, he cannot assert these alleged errors in the agreed judgment. He has accepted the benefits of this judgment in that the sum of $5,000.00 was fully paid to him and has not been returned or tendered into court. In Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950), the Supreme Court recognized the general rule that a litigant cannot treat a judgment as both right and wrong, and if he voluntarily accepts the benefits of a judgment he cannot afterwards prosecute an appeal therefrom. See also Wallace v. Wallace, 371 S.W.2d 918 (Tex.Civ.App.—San Antonio 1963, writ dism'd).

■ Furthermore, a party to a consent judgment rendered by a court of competent jurisdiction may not complain of such judgment in the absence of an allegation and proof of fraud, collusion or like cause. DeLee v. Allied Finance Co. of Dallas, 408 S.W.2d 245 (Tex.Civ.App.—Dallas 1966, no writ); Toplitsky v. Toplitsky, 282 S.W.2d 254 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.).

Here appellant seeks by his two assignments of error to complain of his own conduct in not bringing the suit for the benefit of the mother of said child and in not apportioning some of the damages to her despite his allegations and presumably proof that he had sustained loss of services and certain expenses. He cannot be heard to do so. We therefore overrule his two assignments of error.

The judgment is affirmed.