**Affirmed and Majority Opinion and Dissenting Opinion filed March 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00520-CV

---

### FORT BEND COUNTY, Appellant

### V.

### MELISSA ANN NORSWORTHY, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 14-DCV-213052B**

---

## M A J O R I T Y   O P I N I O N

This is a worker's compensation subrogation case in which appellant Fort Bend County ("FBC"), a self-insured governmental entity, appeals the interlocutory judgment and order of severance in favor of appellee Melissa Norsworthy ("Melissa"). We affirm.

# I.    Background

On December 27, 2010, while working as a Fort Bend County Deputy Sheriff, John Norsworthy swerved to avoid road debris that had fallen off a flatbed delivery truck owned and operated by SBS/Bison Building Materials, LLC and driven by Morris Crosby. John suffered what would be fatal injuries. FBC initiated worker's compensation benefits, paying one week of temporary income benefits of $689.47, medical benefits of $215,011.87, and after his death on January 4, 2011, FBC began paying the $766.00 weekly death benefit to the surviving spouse, Melissa, individually and as guardian of her minor son Jacob and minor daughter Katlyn, ages 16 and 13, respectively, at the time. Because Norsworthy was a first responder, his spouse, Melissa, will receive a worker's compensation benefit for her life.

In 2014, in trial court cause number 14-DCV-213052, Jacob, John's son, now an adult, sued Bison and Crosby ("Bison") for the wrongful death of John. In Jacob's second amended petition, he purported to bring his wrongful death claim on behalf of himself and all beneficiaries who have a wrongful death and survival cause of action.

On December 3, 2015, Jacob went to mediation with Bison. At the time of the mediation, Melissa, Jacob and Katlyn were individually receiving their statutory proportionate share of the worker's compensation death benefits.[1] Katlyn, represented by attorneys, attended the mediation and presented her claim as a potential intervenor in the lawsuit. Melissa, represented by counsel, also appeared at mediation representing a potential claim from the estate of John. At mediation, Jacob and Katlyn agreed to settle with Bison for $1.7 million dollars ($849,000.00 each) and agreed to allocate $2,000.00 to John's estate. Melissa, individually, did

---

[1] Melissa receives one-half of the benefit and the two adult children, Jacob and Katlyn, receive one-fourth of the benefit, each.

not participate in the mediated settlement agreement, did not sign the mediated settlement agreement, and did not share in her adult children's third-party recovery. The settlement exceeded FBC's statutory lien for past benefits paid to Jacob, Katlyn, and Melissa.

On January 26, 2016, FBC filed a petition in intervention in the Bison lawsuit seeking subrogation recovery for the worker's compensation benefits it paid to Jacob, Katlyn, and Melissa. Thereafter, FBC and Jacob entered into a Rule 11 Agreement, settling the part of FBC's lien applicable to Jacob's half of the collective third-party recovery from Bison. *See* Tex. R. Civ. P. 11.

In June 2016, FBC filed its motion for summary judgment against Katlyn and Melissa seeking to recover the remaining half of its statutory worker's compensation lien on the collective third-party recovery. FBC asserted it was entitled to summary judgment because it had timely intervened prior to final judgment in the third-party Bison suit asserting its subrogation rights, the two-year statute of limitations did not apply to its right to reimbursement from the settlement made by the legal beneficiaries, and Katlyn's recovery was for damages from a third-party tortfeasor liable for the compensable death of John, regardless of how the legal beneficiaries characterized it.[2]

Melissa and Katlyn contested FBC's subrogation rights. They argued in their traditional motion for summary judgment that the statute of limitations bars FBC's subrogation claim. Next, Melissa asserted that FBC cannot establish the essential elements of its conversion claim and cannot recover for medical and temporary income benefits because she did not make any recovery from third-party, Bison. Additionally, she argued Jacob settled with FBC for an amount that exceeds the worker's compensation death benefits paid to Jacob and Katlyn; therefore, the one

---

[2] Katlyn claimed her recovery was for a bystander claim.

satisfaction rule prevents FBC's further recovery.

On February 10, 2017, FBC's total worker's compensation lien was $442,959.32. The trial court ordered disbursement of Jacob's $849,000.00[3] recovery on deposit with the registry of the court in accordance to the Rule 11 Agreement between Jacob and FBC. The disbursement gave FBC a $221,219.20 recovery from Jacob's proportionate shares of the settlement proceeds, reducing FBC's outstanding worker's compensation lien to $221,740.12. After reduction of Jacob's proportionate share of attorney's fees and expenses, FBC made a net recovery of $145,057.58.[4] All causes of action involving Jacob were resolved and severed.

On April 21, 2017, in an order styled "Defendant in Intervention Melissa Norworthy's Interlocutory Judgment and Order of Severance," the trial court granted in part Melissa and Katlyn's summary judgment motion. The trial court rendered summary judgment as to Melissa only and dismissed all claims against Melissa in the subrogation case on the basis that she settled solely in her capacity as independent administratrix of the estate and received no settlement funds individually. The April 21, 2017 order also severed all claims against Melissa by FBC so that the interlocutory judgment became final on those claims. The order severed all claims into cause number 14-DCV213052-B (the "B" case). The trial court ordered FBC "to continue to pay worker's compensation benefits to Melissa Norsworthy as long as she remains eligible under the statute."

---

[3] 49.9412% represents Jacob's $849,000 proportionate share of the total $1.7 million third party settlement.

[4] FBC asserted that the net amount recovered by Jacob and Katlyn in excess of FBC's lien is the future credit as defined by the Act (also known as the "holiday"). *See* Tex. Lab. Code § 417.002(b). At this time, only Jacob's $411,646.64 net recovery of the "holiday" has been finally determined and distributed.

On May 19, 2017, FBC filed in the main trial cause number a document entitled, "Intervenor's Motion for New Trial as to Defendant in Intervention Melissa Norsworthy," complaining that the trial court's April 21, 2017 order compromised FBC's subrogation interest by ordering FBC to continue paying Melissa worker's compensation benefits and denying FBC its right to apply its future credit/advance to those future benefits. FBC contends the trial court's ruling results in the circumvention of the Act.

Realizing its motion for new trial should have been filed in the "B" case, FBC filed a motion to consider its motion for new trial timely filed, maintaining that the inadvertent filing of the motion for new trial in the main cause number was a clerical error. During a hearing, the trial court granted FBC's motion to consider the motion for new trial timely filed in the severed "B" case, and signed an order to that effect in open court on July 28, 2017. On August 3, 2017, the trial court amended its order without notice to FBC and handwrote that the motion for new trial was timely filed as to the main cause number.

On July 3, 2017, FBC filed a notice of appeal from the trial court's order signed April 21, 2017. The notice of appeal contained both the main cause number and the "B" case. The appeal was assigned to this court under our appellate case number 14-17-00520-CV. On July 28, 2017, FBC filed a second notice of appeal from the April 21, 2017 order. The notice also contained both trial cause numbers and was assigned to this court under our appellate case number 14-17-00633-CV. The April 21, 2017, order is the only contested order in both appeals.

Subsequently, in this court, FBC filed an opposed motion to consolidate the related appeals. Melissa argued that both of FBC's appeals should be dismissed because the judgment was not final in the main cause number and the notice of appeal was late in the "B" cause number. By per curiam opinion and order dated

5

February 15, 2018, we granted appellant FBC's motion to consolidate, in part, and transferred the record filed in 14-17-0633-CV into case number 14-17-00520-CV. *Fort Bend Cty. v. Norsworthy*, No. 14–17–00633–CV, 2018 WL 894050, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 15, 2018, no pet.) (per curiam). We dismissed the appeal in case number 14-17-00633-CV.[5] *Id*.

## II.    Analysis

FBC raises three issues on appeal: (1) whether the trial court erred in dismissing Melissa from the suit and ordering FBC to continue to pay her weekly death benefits; (2) whether the trial court erred in granting Melissa's motion for summary judgment on FBC's right to an advance against future benefits owed to Melissa; and (3) whether FBC's motion for new trial was timely filed for purposes of appeal.[6]

Although Melissa labels an alternate reason to affirm the trial court's summary judgment as a "cross point" in her appellee's brief, it is not a cross point because it does not seek to alter the trial court's judgment. Tex. R. App. P. 25.1(c).

## A.    Standard of review

The summary judgment standards of review are well-known. We review *de novo* the trial court's order granting summary judgment. *Ferguson v. Bldg. Materials Corp*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam); *Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We consider the evidence in the light most favorable to the non-movant and indulge reasonable

---

[5] For the reasons set forth in the court's February 15, 2018 memorandum opinion, the companion motion to dismiss filed in this case is denied. *Fort Bend Cty. v. Norsworthy*, No. 14–17–00633–CV, 2018 WL 894050, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 15, 2018, no pet).

[6] As set forth, *supra*, this court previously determined FBC's third issue on February 15, 2018. *Fort Bend Cty. v. Norsworthy*, 2018 WL 894050, at \*3. As such, FBC's third issue is denied as moot.

6

inferences and resolve all doubts in its favor. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *Wyly*, 502 S.W.3d at 904. "We credit evidence favorable to the non-movant if reasonable fact finders could and disregard contrary evidence unless reasonable fact finders could not." *Id*.

To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate if the movant conclusively negates at least one essential element of the plaintiff's claim. *Wyly*, 502 S.W.3d at 905.

## B.    Applicable law to worker's compensation subrogation claims

Under Section 417.001 of the Act, an employee who suffers a compensable injury may seek damages from a liable third party in addition to pursuing a claim for compensation benefits. Tex. Lab. Code § 417.001(a); *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550 (5th Cir. 2013), *certified question answered*, 436 S.W.3d 298, 302 (Tex. 2014). When an employee or beneficiary (claimant) claims benefits, "the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary." Tex. Lab. Code § 417.001(b); *Carty*, 436 S.W.3d at 302. Consequently, the carrier is subrogated to the employee's rights, and the carrier's subrogation interest includes the total benefits paid or assumed by the carrier to the employee or the legal beneficiary. Tex. Lab. Code § 417.001(b); *Carty*, 436 S.W.3d at 304.

Section 417.002 provides the net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury. Tex. Lab. Code

7

§ 417.002(a); *Carty*, 436 S.W.3d at 302. Amounts recovered in excess of the amount of the reimbursement required under Section 417.002(a) are treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive. Tex. Lab. Code § 417.002(a-b); *Carty*, 436 S.W.3d at 302. If the advance is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits, but if the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted. Tex. Lab. Code § 417.002(c); *Carty*, 436 S.W.3d at 302.

The Supreme Court of Texas recently addressed these provisions:

> In most cases, workers'-compensation benefits are the exclusive remedy against a workers'-compensation subscribing employer for on-the-job injuries. *See* Tex. Lab. Code 408.001(a); *Port Elevator–Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012). But an employee may still seek damages from a liable third party in addition to receiving workers'-compensation benefits. *See* Tex. Lab. Code § 417.001(a); *State Office of Risk Mgmt. v. Carty*, 436 S.W.3d 298, 302 (Tex. 2014). Similarly, a workers'-compensation carrier is "subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee." Tex. Lab. Code § 417.001(b). Under either scenario, the "net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." *Id*. § 417.002(a). The upshot of these provisions is that "until the carrier 'is paid in full[,] the employee or his representatives have no right to any funds.' " *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 33 & n.1 (Tex. 2008) (quoting *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002)).

*Wausau Underwriters Ins. Co. v. Wedel*, 557 S.W.3d 554, 556 (Tex. 2018).

**C.    Trial court correctly found Melissa made no third-party recovery**

In its first and second issues, FBC advances the argument that the third-party recovery by Melissa's adult children is imputed to Melissa and, as a result, the trial court erred in ordering FBC to continue paying Melissa weekly benefits and not suspending Melissa's future benefits.  According to FBC, the trial court's order effectively applied a beneficiary-by-beneficiary standard rather than a collective-recovery standard to FBC's worker's compensation reimbursement and future credit in contravention of binding legal precedent.

Melissa contends that Section 417.002 of the Labor Code only applies if a claimant (*i.e.*, an employee or a decedent's legal beneficiary) secures a third-party recovery.  Melissa maintains she made no individual recovery.  She neither shared nor participated in her adult children's third-party recovery.  Thus, Melissa contends that the collective-recovery standard does not apply in this case and the trial court correctly ordered FBC to continue paying Melissa's death benefits.

**1.    Melissa, in her individual capacity, made no recovery from a third-party**

It is undisputed that Melissa, in her individual capacity, did not seek recovery from Bison.  Her son, Jacob, filed a wrongful death suit against Bison purportedly on behalf of all beneficiaries.[7]  Jacob, however, did not name Melissa in the petition.[8]  Melissa did not participate in the prosecution of the case or mediated

_____

[7] Under the Texas Wrongful Death Act, a wrongful death claim derives from the cause of action the decedent could have asserted for personal injuries had he lived. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992). All or anyone of the parties, to whom the right of action is given, may bring suit and where it is brought by only one [or some but not all] of the parties, it must appear that the suit was brought for the benefit of all. Tex. Civ. Prac. & Rem. Code § 71.004(b).  Moreover, the suit may be brought for the benefit and use of those not actually prosecuting the claim without their knowledge or consent. *See Dennis v. Gulf, C. & S.F. Ry. Co.*, 148 Tex. 387, 224 S.W.2d 704, 705 (1949).

[8] All of the parties who are to share in the recovery must appear on the face of the petition, and the judgment should award to each of the parties for whose benefit the action is brought the share as found and directed by the trier of fact. *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.3d

settlement agreement with Bison or sign a release in her individual capacity.[9]  No portion of her adult children's settlement was allocated for Melissa's individual benefit.[10]  If FBC chose to object to apportionment of the mediated settlement on the basis that Melissa, a necessary party, was not included in the settlement, that issue is not before this court on appeal.  FBC's appeal is limited to the trial court's order granting Melissa's summary judgment motion and ordering continued death benefit payments.

For the above reasons, the trial court correctly found Melissa made no third-party recovery and FBC was required to continue to pay her death benefits.  Because Melissa did not make a recovery from the third-party, her continued receipt of death benefits from FBC does not amount to a "double recovery."

### 2.    Collective-recovery standard inapplicable to Melissa

FBC argues that beneficiaries are treated collectively for purposes of worker's compensation.  FBC maintains that the effect of the trial court's order is a double recovery for the worker's compensation beneficiaries.

**"[W]**hen multiple beneficiaries recover compensation benefits through the same covered employee, the carrier's rights to a third-party settlement are determined by treating it as a single, collective-recovery rather than separate recoveries by each beneficiary." *Carty*, 436 S.W.3d at 300.  Collectively, the legal

---

841, 850 (Tex. App.—San Antonio 1997, writ denied).

[9] The provision of the act requiring all of the beneficiaries to be parties was enacted chiefly for the benefit of the defendant in such suit, to protect it against the bringing of several suits arising out of the same transaction; and if it neglects to require this to be done, those who are not parties are not precluded by a judgment rendered in a case brought by the other beneficiaries. *See Schwing v. Bluebonnet Exp., Inc.*, 470 S.W.2d 133, 137 (Tex. Civ. App.—Houston [14th Dist.] 1971), *aff'd in part, rev'd in part on other grounds*, 489 S.W.2d 279 (Tex. 1973).  A defendant's failure to raise the non-joinder issue may result in its waiver. *Avila*, 948 S.W.3d at 850.

[10] If the defendant chooses not to object in some manner or except to the pleadings, the defendant runs the risk that the missing beneficiaries will not be precluded from pursuing their claims by a judgment to which they were not parties. *Avila*, 948 S.W.3d at 851.

10

beneficiaries are not entitled to both worker's compensation benefits and the third-party recovery because retention of both results in a double recovery. *See Foreman v. Sec. Ins. Co. of Hartford*, 15 S.W.3d 214, 219 (Tex. App.—Texarkana 2000, no pet.).

FBC's cases are inapplicable to the underlying facts of this case. As set forth, *supra*, Melissa made no third-party recovery. FBC has not provided any applicable authority that allows FBC to attribute the third-party recovery of Melissa's adult children to her.[11] Under the facts of this case, the cases applying the collective-recovery standard are distinguishable and, thus, this standard does not operate to suspend Melissa's weekly benefits or future benefits.

FBC's issues are overruled.

### III. Conclusion

Having overruled overruled FBC's issues, we affirm the trial court's April 21, 2017 final judgment.

/s/     Margaret 'Meg' Poissant
Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant. (Frost, C.J., dissenting).

---

[11] The dissent argues that we are bound by the dicta in *Carty*, 436 S.W.3d at 302–06, seemingly conflating a workers' compensation "claimant," which Melissa is, with a Texas Labor Code section 417.002 "claimant in a third-party action," which Melissa is not. We must read the phrase "claimant in a third-party action" in context and construe it according to the rules of grammar and common usage. *See* Tex. Gov't Code § 311.011(a).