In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00220-CV**

_____

**ALBERT JONES JR., Appellant**

**V.**

**RICHARD DAVISON AND PAYTON LAFLEUR, Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCV0379**

**MEMORANDUM OPINION**

Albert Jones Jr., asks us to accept a permissive appeal from an interlocutory order that is not otherwise appealable. Because we conclude the order does not involve a controlling question of law about which there is a substantial ground for difference of opinion, we deny Jones's application.

Jones filed suit against Richard Davison and Payton LaFleur seeking damages for the death of his mother, Niki Smith. Davison and LaFleur specially excepted to Jones's petition on the grounds that it does not include all necessary parties since

1

Jones is not the only person potentially entitled to damages arising from Smith's death. Davison and LaFleur provided the trial court deposition testimony in which Jones testified Smith had five other children at the time of her death. Davison and LaFleur relied on provisions of the Wrongful Death Act which states,

> (a)  An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.

> (b)  The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.

Tex. Civ. Prac. & Rem. Code § 71.004(a),(b). Davison and LaFleur argued Smith's other children are necessary parties to the lawsuit pursuant to Texas Rule of Civil Procedure 39(a) which states, in part,

> (a) *Persons to Be Joined If Feasible*. A person who is subject to service of process shall be joined as a party in the action if
> (1) in his absence complete relief cannot be accorded among those already parties, or
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may
> (i) as a practical matter impair or impede his ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Tex. R. Civ. P. 39(a).

After a hearing, the trial court signed an order requiring Jones to amend his petition. The trial court then signed an order allowing Jones to appeal its ruling under Texas Civil Practice and Remedies Code 51.014(d) which provides:

> [A] trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> > (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> >
> > (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code § 51.014(d). Asserting the trial court's order meets both of these requirements, Jones then filed an Application for Interlocutory Appeal asking us to accept the appeal. *See id*. § 51.014(f). In his application, Jones argues the Texas Wrongful Death Act's use of the word "may" means that a statutory beneficiary is permitted, but not required, to bring the action on behalf of all beneficiaries. *See id*. § 71.004(b).

In their response to Jones's application, Davison and LaFleur argue the trial court's order does not involve a controlling question of law as to which there is a substantial ground for difference of opinion, because the Wrongful Death Act contemplates that only one suit may be brought, and this Court – along with other Courts of Appeals – has held that all statutory beneficiaries are necessary parties to an action for wrongful death. *Dennis v. Gulf C. & S.F. Ry. Co.*, 221 S.W.2d 352

3

(Tex. Civ. App.—Beaumont 1949), *certified. ques. ans.* 224 S.W.2d 704 (Tex. 1949).

We agree with Davison and LaFleur. "A wrongful death cause of action is purely a creature of statute." *Witty v. Am. Gen. Cap. Distribs., Inc.*, 727 S.W.2d 503, 504 (Tex. 1987). The Act creates "*[a]n* action… for the exclusive benefit of the surviving spouse, children, *and* parents of the deceased." Tex. Civ. Prac. & Rem. Code § 71.004(a) (emphasis added). The Act then creates exactly two options for bringing "*the* action": (1) "The surviving spouse, children, *and* parents of the deceased may bring *the* action"; or (2) "one or more of those individuals may bring *the* action *for the benefit of all*." *See id.* § 71.004(b) (emphasis added).

Rather than creating a separate action for each beneficiary, the Act creates one action for all beneficiaries. Rather than permitting any beneficiary to bring an action for his or her own benefit, the Act permits "the action" to be brought either by all beneficiaries or by one or some beneficiaries for the benefit of all. *See Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App.—San Antonio 1997, pet. denied) ("The act contemplates that only one suit shall be brought, which shall be for the benefit of all parties entitled to recover."); *see also* Tex. Civ. Prac. & Rem. Code § 71.004(a) (b). The Act does not create an action that may be brought by fewer than all beneficiaries unless it is brought for the benefit of all beneficiaries.

4

Jones has not met the requirements for a permissive appeal, because he has not shown there to be a substantial ground for difference of opinion about the law supporting the trial court's order. *See id.* § 51.014(d). We deny the application for permissive appeal. *See* Tex. R. App. P. 28.3(l).

PETITION DENIED.

PER CURIAM

Submitted on September 24, 2025
Opinion Delivered September 25, 2025

Before Golemon, C.J., Wright and Chambers, JJ.